## NORTON AND ANOTHER, *vs.* LADD AND ANOTHER.

A copartnership mortgaged to sundry creditors, certain personal property, with power to sell the same, and after deducting charges and expenses, to apply the avails, in payment of their respective debts. A and B, a copartnership who were embraced in the mortgage, took possession of all the mortgaged property, with the consent of the other mortgagees. Prior to the execution of the mortgage, the mortgagers, having a lien upon forty-five bales of sheetings, attached the same, upon a debt due to them from the owner. The said copartnership of A and B gave the officer who served the attachment, a bond for the delivery of the sheetings to him, on the termination of the suit upon which they were so attached, and took possession of the same. Both the debt upon which the suit was brought, and the sheetings, were included in, and transferred by, the mortgage. Such interest in the sheetings as remained in the owner was also subsequently assigned by him, to the mortgagees; and the bond of A and B given upon the attachment, was, upon such assignment, canceled. A and B subsequently sold the sheetings, and received the proceeds. Upon a bill in equity, brought against A and B by a part of the mortgagees, in behalf of themselves and their co-mortgagees, praying for a decree, ordering them to render their account of the proceeds, arising from the sale of the property conveyed by said mortgage, and to pay over to the mortgagees their respective proportions thereof, it was held, 1. that, as the amount of the share of such proceeds, belonging to each mortgagee, could only be as-

certained by a court of equity, such bill was properly brought; 2. that A and B, in the sale of said sheetings, having acted as trustees of the other mortgagees, could not afterward repudiate that character; and, therefore, that the proceeds arising from such sale were to be divided, *pro rata*, among all the mortgagees; 3. that the allowance of costs to the plaintiffs, by the superior court, against the defendants, was discretionary, and not a ground of error.

THIS was a bill in equity, brought to the superior court for New London county. Douglass and Prentiss mortgaged to certain creditors, among whom were the plaintiffs and the defendants, certain personal property, to secure their respective debts. The debts of the mortgagees, not parties to the bill, had been previously paid, partly by the proceeds of the mortgaged property, and partly by funds derived from other sources. The bill prayed for a decree, requiring the latter to account with, and pay over to, the plaintiffs their respective proportions of mortgaged property, which, it was alleged, had been received by the defendants, and sold under the mortgage. The case was referred to a committee, who reported the facts found by them, to the superior court, holden at New London, September term, 1851. The court, thereupon, ordered the defendants to account to the plaintiffs, for the sum of $2,095.57, and interest, and directed them to pay to each of the plaintiffs, when demanded, such percentage upon the amount due to them respectively, as the whole amount of debts due and secured by said mortgage, viz.: $2,843.92, bears to the sum of $2,095.51; and further decreed, that the defendants should pay to the plaintiffs their costs. The other material facts are stated in the opinion given by the court. To revise the decision of the superior court, the defendants brought the record before this court, by motion in error.

*Foster* and *E. Perkins,* with whom was *Wait,* for the plaintiffs in error.

*Strong* and *Halsey,* for the defendants in error.

ELLSWORTH, J. From the motion it appears, that Doug-

lass and Prentice, of Lisbon, on the 9th day of August, 1849, being indebted to the plaintiffs and others, by a mortgage bill of sale of that date, mortgaged to them, to secure their respective debts, certain personal property, giving them therein power, in case of default of payment, to sell, and after deducting charges and expenses, to apply the avails in payment, and if there was not enough to pay in full, all were to be paid, *pro rata.* Norton, Converse & Co., the respondents, being co-mortgagees, took possession of a certain portion of said property, to wit, forty-five bales of sheetings, and, acting in behalf of all the mortgagees, and under the power of sale conferred on them by said deed, sold the goods in New York, and in November and December, 1847, received the net proceeds, being $2,095.57. The mortgaged debts, now unpaid, are found to be $2,843.92. The plaintiffs insist, for all concerned, that this sum shall be divided in payment of the debts, *pro rata.*

It appears further, that these sheetings had been manufactured by Douglass & Prentice, at their mill in Lisbon, from materials furnished by, and belonging to, George W. Tarbox, of New York, and the goods, when manufactured, were to be delivered to him, in the city of Norwich. It was found, that the sheetings were in fact his property, but subject to a lien in favor of Douglass & Prentice, for their work and labor in making them; that, shortly prior to giving said mortgage deed, Douglass & Prentice had attached said sheetings, as the property of said Tarbox and one Hiram Tarbox, to secure debts due from them to Douglass & Prentice; that these debts, and the lien aforesaid were, by said mortgage deed, as well as the sheetings themselves, conveyed to said morgagees and were a part of their security; that George W. Tarbox, before the bringing of this bill, had released to Douglass & Prentice, whatever interest he might have in the sheetings, and which was in fact received by the mortgagees, in full payment, in discharge of his said debt to Douglass & Prentice, which debt and suit therefor, as already stated, had become the property of the mortga-

gees. It further appears, that the sheriff, when he attached said sheetings, for Douglass & Prentice, as aforesaid, took possession of them, and delivered them to Norton, Converse & Co., as receipters, to hold until the suits should be ended, and they gave him their bond to be responsible therefor ; but as George W. Tarbox had no longer any interest in the sheetings, and the debt was held and owned by the mortgagees, and was, in fact, paid, by their taking the interest of said Tarbox in payment, the bond was no longer important, and, being in the hands of the plaintiffs, at the time of 'the trial before the committee, was produced to them, and the plaintiffs' counsel directed it to be delivered up, as a canceled bond, when the trial was finished.

The above is a statement of all the material facts found by the committee, upon the truth of which the superior court held and decided, that the defendants should pay over the avails of said sheetings to the creditors, *pro rata*, including of course the defendants.

In this decree, we see no error. The equity and law of the case are most obviously with the plaintiffs. Upon what principle can the defendants withhold the money from the mortgagees ? They had an equal title to the sheetings, when assigned to them, and to the money received from them, when sold. The sale was made *under the mortgage deed*, and made by the defendants, as representatives of the mortgagees, and they can not now be permitted to repudiate their character, and assume some new relation to this fund. They can not cease to be agents and trustees, at their own election and convenience. This would be, to violate the first principles of the law, and to shock every sentiment of justice and honor. No part of the law is better settled, or more scrupulously enforced, or more frequently recognized in this court, than that an agent shall not deny the title of his principal, or avail himself of his peculiar situation, to obtain an advantage over him. We can not allow the defendants to

abuse the confidence reposed in them by their co-mortgagees.

We do not say, that there is no possible case, where an agent may not call in question his principal's title, or his right to demand of him moneys, which he has received, as his representative; although such cases are exceedingly rare,—as, where the principal had stolen the property, or where the agent had been compelled to surrender it to its true owner; but nothing of this is true in the present instance.

It was said on the argument, that the defendants are liable to account for the property to George W. Tarbox, the owner of it, at the time it was mortgaged to the creditors; but the answer to this is, that said Tarbox has since released to the creditors in the deed, all the right and interest he then had, in *satisfaction* of the claim they held against him. Nor are the defendants exposed, in any way, on the bond they gave to the sheriff. That suit and debt have become the property of the creditors, now calling for the money, and the defendants have nothing to fear from that suit hereafter. Besides, the bond is virtually canceled, by what took place on the trial before the committee. The grounds of defence are clearly too shallow and unsatisfactory to be seriously urged upon this court, and to allow them the force claimed by the defendants' counsel, would bring a reproach upon the administration of justice.

It is said again, that the plaintiffs are not entitled to relief, because they have adequate remedy at law, for that each creditor can bring his action of assumpsit, to secure *his* share of the money in the defendants' hands. But what is *his* share? and how can it be ascertained, once for all, in separate actions at law? How can the amount of each one's debt, (for his debt may be contracted,) and his *pro rata* portion of the fund be decided, so that the defendants themselves can safely pay over to creditors, unless all parties are brought before the court and a final settlement is made?

We should be sorry to be obliged to yield to the defendants' objection, even on their own account ; for then they would be exposed to some fifty or more suits, when one is sufficient ; and after all, the rule of settlement, adopted in one case, might be repudiated in the next.

It is said again, that there is error in the decree, inasmuch as the defendants were clearly entitled to be paid their charges and expenses, out of the fund. They insist, that they have acted in good faith throughout, and are not to be punished by a forfeiture of their expenses and costs. We think the defendants have not so conducted. They have unnecessarily subjected their co-mortgagees to expenses and great delay. Aside from the fact, that error is not predicable of discretion, we entirely approve of the manner in which this question was disposed of below. .    .

There is no error.

In this opinion, the other judges concurred, except HIN-MAN, J., who tried the cause in the court below, and was, therefore, disqualified.

Judgment affirmed.