In the Matter of the Application of THE ERIE MALLEABLE IRON COMPANY (LIMITED), to Take the Depositions of the GOULD COUPLER COMPANY to Enable it to Frame its Complaint in an Action to be Brought against said Company.

ERIE MALLEABLE IRON COMPANY (LIMITED), Respondent; GOULD COUPLER COMPANY, Appellant.

*Examination before action brought — action at law to recover royalties where the amount of the material manufactured is unknown — the plaintiff need not resort to an accounting in equity.*

The affidavit upon which an application was made by the Erie Malleable Iron Company for an examination of the Gould Coupler Company, to enable the former to frame a complaint in an action to be brought by it against the Gould Coupler Company, alleged that the Erie Malleable Iron Company had entered into a written contract with the Gould Coupler Company, by the terms of which it granted to the Gould Company the right to use all the processes which the Erie Company was using or might thereafter use in the manufacture of malleable iron; that it was also to provide a person to superintend the construction of the plant and was to furnish all patterns for furnaces and the like required in the construction of the plant; that the Gould Company agreed to pay certain royalties upon the material which it should manufacture; that the Erie Company had fully performed its agreement, but that the Gould Company, although it had manufactured large quantities of iron, refused to make any statements of its production and had failed and refused to pay the royalties, and that consequently the Erie Company was unable to determine what sum was due it for royalties, a fact which it desired to know in order to begin an action therefor.

*Held,* that the case came directly within those provisions of the Code of Civil Procedure (§§ 870–873) which relate to the examination of a person about to become a party to an action;

That the information sought was presumably within the exclusive knowledge of the Gould Company and was presumably contained in its books;

That the Erie Company would not be compelled to bring an action in equity for an accounting to the end that the facts sought might be elicited by a trial in that form of action.

APPEAL by the Gould Coupler Company from an order of the Supreme Court, granted at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 18th day of March, 1895, denying its motion to set aside an order heretofore made for the examination of said Gould Coupler Company and its officers at the instance of the Erie Malleable Iron Company, Limited, before action brought.

B. F. Dake, for the appellant.

Charles A. Pooley, for the respondent.

LEWIS, J. :

The order requiring the Gould Coupler Company and its officers to appear before a referee with its books, and submit to an examination, was made upon the affidavit of Mr. Benjamin J. Walker, setting forth that a written contract was entered into between the two companies named in the above title, on the 26th day of January, 1891, by the terms of which contract the Erie Company granted the Gould Company the right to use all the processes which the Erie Company was using or might thereafter use in the manufacture of malleable iron, and agreed to furnish the services of Mr. Walker to superintend the construction of a malleable iron plant, which was to be erected by the Gould Company, and to furnish to said Gould Company all patterns for furnaces, plates, etc., required in said construction. In consideration whereof the Gould Company agreed to pay in quarter-yearly payments to said Erie Company, certain royalties mentioned and provided for in said contract for the use of the processes mentioned, upon all the material which the Gould Company should manufacture and ship after the completion of the plant.

It was further stated in said affidavit that the plant was constructed and completed under the supervision of Mr. Walker, and that the Gould Company had manufactured and shipped under said contract large quantities of such material, amounting to many thousand tons, and that although the said Erie Company had in all respects performed the agreement upon its part, the Gould Company had neglected and refused to furnish to the Erie Company statements of the tonnage of metal produced, manufactured and

FIFTH DEPARTMENT, OCTOBER TERM, 1895. · [Vol. 90.

shipped within the terms of said contract, and had failed and refused to pay the royalties, or any part thereof, and is indebted to the Erie Company for the amount of said royalties; that the Erie Company was about to commence an action against the Gould Company to recover said royalties, but was ignorant of the amount of material which had been manufactured under said contract, and had no means 'of obtaining the facts but from the examination of said company and of its officers, whom it was alleged had the desired information, but had repeatedly refused to furnish it to the Erie Company; and that such examination was desired in order to enable the Erie Company to frame its complaint, which would be for a sum of money only.

The affidavit contained proper allegations as to the residence of the two companies, and their officers.

A motion was made by the Gould Company at the Erie Special Term to set aside said order. The motion was founded upon the affidavits of the president and the treasurer of the Gould Company, and upon the affidavit of Mr. Walker, upon which the original order was granted.

This appeal was taken from an order denying the motion.

The affidavits of the president and treasurer contained allegations tending to show that the Erie Company had failed to perform the contract upon its part, and that the Gould Company had not used, to any extent, the processes mentioned in the contract. The contract referred to was made in the city of Buffalo, and the alleged cause of action arose in the State of New York.

We are satisfied after an examination of this case, and the authorities to which our attention has been called, that there is very little, if any, merit in the appeal. The facts present a case coming peculiarly within the provisions of sections 870 to 873 inclusive of the Code of Civil Procedure, which provide for such an examination of a person about to become a party to an action. While it is stated in the affidavits of the officers of the Gould Company that the Erie Company has failed to perform its contract, and hence has no claim upon the Gould Company, that question should be litigated upon the trial of the action, and not upon the hearing of such a motion as this. The information sought is presumably within the exclusive knowledge of the Gould Company, and presumably is contained in its books. It

was its duty to furnish to the Erie Company statements of the tonnage of metal produced, manufactured and shipped under said contract. It is claimed by the appellant that an action in equity for an accounting might be instituted, and the facts set forth elicited upon the trial of such action. The respondent is not compelled to resort to that form of action.

In order to intelligently frame a complaint in an action at law, it is entitled to the examination provided for by the order.

The order appealed from should be affirmed, with ten dollars costs and disbursements of the appeal.

BRADLEY, WARD and DAVY, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.