MAX JAFFE et al., Appellants, v. STEPHEN M. WELD et al., Respondents.

Constructive trust — moneys obtained by fraud converted into merchandise and traced into defendants' hands — when complaint in action to enforce such trust sets out cause of action — contention that statements of complaint are improbable cannot be considered on demurrer.

On examination of the complaint in an action to enforce a constructive trust in which it is alleged that moneys taken from plaintiffs by fraud and theft have been converted into merchandise and traced into defendants' hands, *held*, that a cause of action is set out and that the claim on the part of defendants that the statements therein are improbable cannot be considered on demurrer.

*Jaffe* v. *Weld*, 175 App. Div. 970, reversed.

(Argued March 5, 1917; decided April 17, 1917.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 29, 1916, which reversed an order of Special Term granting a motion by plaintiffs for judgment on the pleadings and denied said motion.

The following question was certified: "Does the amended complaint, verified June 29, 1915, state facts sufficient to constitute a cause of action?"

·· The nature of the action and the facts, so far as material, are stated in the opinion.

*George T. Hogg* for appellants. The complaint before the court states a cause of action, to wit, the right to follow money obtained by fraud and have a trust or charge impressed on the proceeds thereof in the hands of the defendants who are not takers in good faith or for value. (*Southern Cotton Oil Co.* v. *Elliotte,* 218 Fed. Rep. 567; *Matter of Leavitt & Grant,* 215 Fed. Rep. 901; *Title Guarantee & Trust Co.* v. *Haven,* 214 N. Y. 468; *Gorman* v. *Littlefield,* 229 U. S. 19; *Duel* v. *Hollins,* 241 U. S. 523; *Lightfoot* v. *Davis,* 198 N. Y. 261; *Muller.* v. *Kling,* 209 N. Y. 239; *Morrison* v. *Kiustua,* 55 Miss. 71; *Wolf* v. *N. C. Bank,* 170 App. Div. 565; *N. Y. C. & H. R. R. R. Co.* v. *Bank of Holly Springs,* 236 Fed. Rep. 562; 195 Fed. Rep. 456.)

*Edward H. Blanc* and *Gordon Knox Bell* for Stephen M. Weld et al., respondents. The third amended complaint, like its predecessors, shows on its face that the appellants' money never went into the cotton described therein. It does not state facts sufficient to constitute a cause of action. (*Jaffe* v. *Weld,* 149 App. Div. 942; 155 App. Div. 110; 208 N. Y. 593; *Matter of Cavin* v. *Gleason,* 105 N. Y. 256; *Ferris* v. *Van Vechten,* 73 N. Y. 113; *Newton* v. *Porter,* 69 N. Y. 133; *Holmes* v. *Gilman,* 138 N. Y. 369; *Matter of Hicks,* 170 N. Y. 195; *Lightfoot* v. *Davis,* 198 N. Y. 261; *Welch* v. *Polley,* 177

N. Y. 117; *Van Allen* v. *American Nat. Bank*, 52 N. Y. 1; *Warren-Scharff Asphalt Paving Co.* v. *Dunn*, 8 App. Div. 205; *Cole* v. *Cole*, 54 App. Div. 37; *Cohnfeld* v. *Tannenbaum*, 58 App. Div. 310; *Matter of Brown*, 193 Fed. Rep. 24.)

*R. L. von Bernuth* for J. A. E. Pyle, as trustee in bankruptcy of Steele, Miller & Co., respondent.

CARDOZO, J.   This is an action to enforce a constructive trust.   The plaintiffs say that moneys, taken from them by fraud and theft, have been converted into merchandise, and traced into the defendants' hands. They ask the aid of equity to charge the defendants as trustees (*Newton* v. *Porter*, 69 N. Y. 133; *Am. Sugar Ref. Co.* v. *Fancher*, 145 N. Y. 552).

The plaintiffs are bankers in the city of New York. They bought foreign drafts with bills of lading attached. The bills of lading were forged.   The sellers of the drafts, Steele, Miller & Company of Corinth, Mississippi, were also the forgers.   After issuing the foreign drafts and the accompanying bills of lading, the forgers drew another draft, styled a "currency" draft, on an agent in New York.   This "currency" draft they deposited "for collection" in their bank in Corinth, Mississippi. The allegation, in substance, is that title to the draft remained in the depositors until collection.   The draft was presented in New York and paid.   The moneys which paid it were those procured from the plaintiffs through the false pretense and forgery.   The proceeds of the collection were then remitted to the bank in Corinth. They were used by Steele, Miller & Company, the forgers, to release cotton which till then had been held by the bank in pledge, and also to buy new cotton.   The cotton so redeemed and the cotton so purchased were turned over by Steele, Miller & Company to the defendants Weld & Company, who are charged to have taken it without con-

sideration and with guilty knowledge. The trustee in bankruptcy of Steele, Miller & Company, claiming some interest in the cotton, is also joined as a defendant.

That is the outline of a complaint which covers about twenty printed pages. Its "prolix and vagrant statements" (*Knauth* v. *Latham & Co.*, 242 U. S. 426, 428) make paraphrase no easy task. It is the fourth complaint in this action. Three others yielded to demurrers. One of them was considered by this court (208 N. Y. 593; 155 App. Div. 110). Obscure and inartistic the complaint remains, but we can no longer say that it lacks the essentials of a cause of action. The earlier complaint was bad because it failed to show that the plaintiffs' moneys had been used to redeem or buy the cotton. Indeed, it showed the contrary. The allegation then was that the forgers, having deposited the currency draft with the bank in Corinth, redeemed their pledged cotton with the "credit" thus obtained. There was no allegation that the deposit was for collection. In the absence of some restriction in the indorsement, the bank became the owner (*Heinrich* v. *F. N. Bank*, 219 N. Y. 1, 5). The cotton was released, as it then appeared, not through the use of any moneys belonging to the plaintiffs, but through the use of a credit already given by the bank. That was the basis of the decision both in the Appellate Division (155 App. Div. 110) and in this court (208 N. Y. 593).

A different situation is before us now. The complaint says that the currency draft was deposited for collection; that alike by the law of Mississippi and by the agreement between the bank and the depositors, no title to the draft was to pass until collection; and that with the proceeds of collection, and not with an antecedent credit, the plaintiffs bought and redeemed cotton, which they trace to the defendants. These are the very allegations that were lacking before.

The defendants criticize many statements of the complaint as violently improbable. We have nothing to do

with that question at this time. The plaintiffs may not be able to prove what they charge, but they must be given the opportunity to prove it if they can.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in the Appellate Division and in this court, and the question certified answered in the affirmative.

Hiscock, Ch. J., Chase, Collin, Hogan and Crane, JJ., concur; McLaughlin, J., not sitting.

Order reversed, etc.