The Fur & Wool Trading Co., Ltd., Appellant, v.
George I. Fox, Inc., Respondent.

Equity — stolen goods — accounting — pleading — complaint
alleging that defendant had received stolen goods with knowl-
edge, sold them at a large profit and refused to account for
proceeds states a cause of action in equity.

A complaint which alleges that goods belonging to the plaintiff
were taken from its possession by force, that the defendant received
them with knowledge of the facts, sold them at a large profit at a
price unknown to plaintiff, and has refused to account for the pro-
ceeds, and demands that defendant be compelled to disclose what
amounts were so received by it, to repay the proceeds of such sale
and that plaintiff have general equitable relief, is improperly dis-
missed on the theory that the only redress is at law. The facts alleged
entitle the plaintiff to an accounting and to the general equitable relief
for which it prays.

Fur & Wool Trading Co., Ltd., v. Fox, Inc., 219 App. Div. 398,
reversed.

(Submitted March 28, 1927; decided May 17, 1927.)

Appeal, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the first judicial
department, entered February 10, 1927, unanimously
affirming a judgment in favor of defendant entered upon
an order of Special Term granting a motion by defendant
for a dismissal of the amended complaint.

Maxwell C. Katz and Otto C. Sommerich for appellant.
Plaintiff is entitled to have defendant, the receiver of
stolen property, declared a constructive trustee, and to
an accounting for the unknown proceeds of the sale
thereof; the mere fact that the common-law courts have
applied equitable principles to actions in indebitatus
assumpsit does not deprive equity courts of their juris-
diction where the assistance of the equity court makes
the remedy more effectual. (Newton v. Porter, 69 N. Y.

133; *Lightfoot* v. *Davis*, 198 N. Y. 261; *American Sugar Refining Co.* v. *Fancher*, 145 N. Y. 552; *Converse* v. *Sickles*, 16 App. Div. 49; 161 N. Y. 666; *Robert* v. *Ely*, 113 N. Y. 128; *Eyre* v. *Everitt*, 2 Russ. 381; *Slim* v. *Crouche*, 1 DeG., F. & J. 518; *Hawley* v. *Cramer*, 4 Cow. 717; *Sweeny* v. *Williams*, 36 N. J. Eq. 627; *Varet* v. *N. Y. Ins. Co.*, 7 Paige, 560; *Schafuss* v. *Betts*, 94 Misc. Rep. 463; 175 App. Div. 897.)   The amount received by the defendant being unknown to the plaintiff, the equity arm of the court will lead to effectual discovery of the net amount received, after deducting all legitimate expenses.   (*Falk* v. *Hoffman*, 233 N. Y. 199; *Schank* v. *Schuchman*, 212 N. Y. 356.)

*J. W. Friedman* and *I. Gainsburg* for respondent. Allegations of a mere conversion do not entitle plaintiff to an accounting in equity, and the amended complaint was, therefore, properly dismissed for insufficiency. (*Schantz* v. *Oakman*, 163 N. Y. 148; *Comstock* v. *Hier*, 73 N. Y. 275; *Gilbert Paper Co.* v. *Prankard*, 204 App. Div. 83; *Clements* v. *Cooper Co.*, 136 N. Y. Supp. 93; *U. S.* v. *Bitter Root Dev. Co.*, 200 U. S. 451; 1 C. J. 623; 1 Pom. Eq. Juris. [4th ed.] §§ 177, 178; 3 Pom. Eq. Juris. [4th ed.] § 1044.)   Defendant never had legal title, according to the allegations of the complaint, and, therefore, cannot be held a trustee.   (*Beatty* v. *Guggenheim Exploration Co.*, 225 N. Y. 380; *Doyle* v. *Murphy*, 22 Ill. 502.) Plaintiff fails to allege the existence of a trust *res* which it would in any event be entitled to trace.   For this reason alone the complaint is insufficient.   (*Matter of Cavin* v. *Gleason*, 105 N. Y. 256; *Legniti* v. *Mechanics & Metals Nat. Bank*, 230 N. Y. 415; *Jaffe* v. *Weld*, 220 N. Y. 443; 208 N. Y. 593; *District Nursing Assn.* v. *Koerner*, 91 Misc. Rep. 265; 173 App. Div. 1003.)

Andrews, J.   The complaint alleges that goods belonging to the plaintiff were taken from its possession by force.

The defendant receiving them with knowledge of the facts, sold them at a large profit but at a price unknown to the plaintiff. It has refused a demand to account for the sums received. The plaintiff, consequently, brings an action in equity to compel the defendant to disclose what amounts were so received by it, to repay the proceeds of such sale, and it asks for general equitable relief. This it has been held may not be done. The only redress is such as the law may give. Therefore, upon motion the complaint has been dismissed.

Some remedy at law there certainly is. The plaintiff might sue for conversion. If successful, it would, as a general rule, recover a personal judgment for the value of the goods at the time and place of the conversion. Or if the goods had remained in the hands of the wrongdoer, an action in replevin would have afforded a complete remedy for their recovery. Or again if they have been sold there is an action for money had and received, resulting in a personal judgment for the proceeds. If the plaintiff has no information as to this sum it may acquire it should it be necessary to enable it to frame a complaint by an examination of the defendant. (*Matter of Erie Malleable Iron Co.*, 90 Hun, 62.) Even though this be so is the plaintiff entitled to still other relief in excess of what a court of law is competent to give? Or is his case one where under historic rules, equity has been wont to assume jurisdiction?

At the outset we should say that the action may not be sustained as a bill of discovery, brought as such a bill was, not as an end in itself but as an aid to an independent proceeding. A complete remedy of this character being otherwise provided, such an action no longer survives. (Civ. Prac. Act. sec. 345.) But in certain cases equity will entertain a suit for an accounting. This is so where such a relation exists between the parties as under established principles entitles the one to demand it of the other. (*Schantz* v. *Oakman*, 163 N. Y. 148;

*Brown* v. *Corey*, 191 Mass. 189.)   A trustee in possession of trust funds may in a proper case be called to account to his *cestui que trust* (*Brinckerhoff* v. *Bostwick*, 105 N. Y. 567), and this rule is enforced as well where the trust is implied as where it is express.   (*Hawley* v. *Cramer*, 4 Cow. 717.)

Clearly a thief, having sold stolen goods may be treated as a trustee of the proceeds and also of any property into which they have been transformed, so long as either may be identified.   Under such circumstances broader relief may be obtained in equity than at law.   Where necessary, an accounting may be had.   A lien may be declared. A surrender of the trust property may be decreed.   (*Newton* v. *Porter*, 69 N. Y. 133; *American S. R. Co.* v. *Fancher*, 145 N. Y. 552; *Hammond* v. *Pennock*, 61 N. Y. 145; *Jaffe* v. *Weld*, 220 N. Y. 443.)   The added reason that the defendant is insolvent is not essential.   Such was not found to be the fact either in *Newton* v. *Porter* or in *Jaffe* v. *Weld*.

Where, however, the specific proceeds, in their original or in their transformed shape may not be traced, then no lien may be obtained.   (*Matter of Cavin*, 105 N. Y. 256; *Matter of Hicks*, 170 N. Y. 195.)   No identification — no lien.   The complaint will not be dismissed, however, if ultimately it is determined that such proceeds are not found in possession of the defendant.   Because a trustee has mingled them with his general funds the right to a resort to equity is not ended.   The same rule exists as to a trustee *ex maleficio*.   If equity has properly obtained jurisdiction it may retain it so as to afford proper relief — personal judgment in such a case against the wrongdoer.

At least such jurisdiction is obtained where the trust fund has come into the hands of the trustee, where the *cestui que trust* is ignorant of its amount and of its subsequent fate, and where the trustee refuses to account. Such either by express statement or by fair inference is the complaint we consider.   We so held in *Lightfoot*

v. *Davis* (198 N. Y. 261). Bonds are stolen and sold. Years thereafter the estate of the thief was required to account for the proceeds and repay that amount to the true owner from its general assets. The only relief prayed for, we said, was that the administrator " may account and pay over the amount of said bonds and the income thereof if it can be traced, and if it cannot be traced " that the plaintiff have judgment for the sum of $16,000, and we added: " The method by which equity proceeds in all these cases is to turn the wrongdoer into a trustee. If it may do so for the purpose of subjecting identified funds to the claim of the defrauded party, I do not see why it should not pursue the same method wherever it is necessary to protect the rights of the original owner. In the case of an actual trustee, the *cestui que trust* may not only reclaim the trust property if he is able to trace it, but failing to trace it, he is entitled to an accounting and personal judgment against the trustee."

So we decide that the order dismissing the amended complaint was erroneous. The facts alleged entitle the plaintiff to an accounting and to the general equitable relief for which it prays. To that we confine our decision. The judgment of the Appellate Division and that of the Special Term should be reversed and the motion for judgment dismissing the complaint denied, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG and O'BRIEN, JJ., concur; LEHMAN, J., dissents.

Judgment accordingly.