WILLIAM S. RHODES, Appellant, *v.* LITTLE FALLS DAIRY Co., INC., Respondent.*

Fourth Department, November 12, 1930.

* Revg. 137 Misc. 579.

*William S. Rhodes*, in person, for the appellant.

*Blumberg & Conley* [*Richard B. Conley* of counsel], for the respondent.

THOMPSON, J. Plaintiff is a dairyman, and defendant is a domestic corporation engaged in receiving, shipping and selling milk of its shareholders. Plaintiff owns thirteen shares of stock in defendant. On March 20, 1929, the parties entered into an agreement by which plaintiff agreed to deliver to defendant the milk produced by him for and during the period ending March 31, 1930. In return for the milk so delivered the dairy company agreed to " distribute " to plaintiff his proportionate share of the earnings of the company after deductions, including a sufficient sum to provide for a reasonable return to the stockholders of the company, and a further sum for sufficient working capital, improvement of the plant and reserves necessary for the successful operation of the business, according to the judgment of the directors.

So far as one can judge from a reading of the complaint defendant " distributed " the proportionate shares of the earnings of the company to the dairymen by spreading it over the total of the milk handled and accounted for, using the pound as the unit. Both parties carried out the terms of this contract to their mutual satisfaction from April 1, 1929, to December 31, 1929, plaintiff receiving his proportionate share of the profits of the corporation's business based upon the milk which he furnished in an amount which was satisfactory to him. On January 1, 1930, defendant adopted a method of computing the profits, which plaintiff claims was improper and resulted in his receiving less than his proportionate share of the earnings of defendant on the milk that he furnished according to the contract. He continued, however, to furnish his milk to defendant until April first and received returns of his share of the profits of the defendant based on his milk for the period of January, February and March, computed in accordance with this new arrangement which, he alleges, was not his proportionate share of the earnings of the company for these months but was much less. The complaint, setting forth the foregoing facts, further alleges that plaintiff duly demanded the payment to him of his proportionate share of the profits of defendant for the milk delivered to defendant by him for said months of January, February and March; that defendant has refused to inform him of the amount of the expenses incurred by defendant in that period and to pay him his proportionate share of the income; that although he has duly demanded it, defendant has failed to render him an accounting; that he has no adequate remedy at law, and he asks

judgment that defendant account to him and to such other producers and shareholders, in whose behalf he also sues, as may come in. Defendant moved at Special Term to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and the motion was granted. This we think was error.

The facts alleged in the complaint show a fiduciary relationship between the parties. It partakes in large measure of the nature of a joint venture, in which case an action in equity is maintainable for an accounting (*Marston* v. *Gould*, 69 N. Y. 220), and is not unlike that of an agent who has been intrusted with his principal's money or property to be expended or dealt with for a specific purpose, in which case the agent is at all times amenable to the process of the court to show that his trust duties have been performed and the manner of his performance. (*Marvin* v. *Brooks*, 94 N. Y. 71; *Hotel Register Co.* v. *Osborne*, 84 App. Div. 307.)

" It is not necessary that there be a technical trust. Equity will take jurisdiction where there is a relation of agency and confidence and the agent has received property of the principal for which he refuses to account." (*Talmudic Literature Publishers, Inc.,* v. *Lewin*, 226 App. Div. 1.)

It also clearly appears that something more than a computation according to set figures will be necessary before it can be determined whether or not defendant has made proper distribution to plaintiff and other producers in like situation in the amounts to which he and they are entitled.

We do not agree with the Special Term that the contract is the ordinary one of purchase and sale. Even though title may have passed, still the arrangement is for co-operative marketing. The status of the parties partakes of a trust or fiduciary character and is not the simple relation of vendor and vendee, the fund derived from the marketing of the product being subject to distribution among the various producers, sales of whose product had gone to make it up. (*Dairymen's League Co-operative Assn., Inc.,* v. *Holmes*, 207 App. Div. 429, 434, 438; *People* v. *Shoemaker*, 228 id. 314.)

The rule which gives equity jurisdiction for the purpose of compelling an accounting where any confidential or fiduciary relationship exists extends even to cases where legal and equitable remedies are concurrent. (*Fur & Wool Trading Co., Ltd.,* v. *Fox, Inc.,* 245 N. Y. 215.) Where different persons are involved in the accounting so that the remedy at law would not be adequate by a separate action on behalf of each of said persons ( *Norton* v. *Ladd*, 22 Conn. 203), or where proportionate liability of different parties is sought to be enforced, which can be determined only

by an accounting, a suit in equity is proper. (*Brinckerhoff* v. *Bostwick*, 105 N. Y. 567; 1 C. J. 621.)

In *Johnson* v. *Staple Cotton Co-op. Assn.* ([1926] 142 Miss. 312; 107 So. 2) it was held that the co-cperative marketing contract between the association and a member creates the relation of principal and agent, the association being a sales agency operating for the benefit of its members. In that case the court held that plaintiff was entitled to a disclosure and accounting as to insurance carried on the crops of its members, his crop of cotton having been destroyed by fire.

" It has always been within the jurisdiction of courts of equity to grant relief where legal remedies are inadequate, and it is evident that, by reason of the peculiarity of the co-operative marketing plan, any legal remedy would be wholly inadequate." (*Arkansas Cotton Growers' Co-op. Assn.* v. *Brown*, 168 Ark. 504; 270 S. W. 946.)

There was a fiduciary relationship here; defendant was dealing with plaintiff's property. It was its duty to get the best price possible for it, to make such deduction from the proceeds for expenses and other items mentioned in the contract as were required in necessity and reason and to return to plaintiff his share of the profits remaining, if such there were, based upon the milk that he furnished. These facts are not known to plaintiff and can only be ascertained in an accounting by defendant.

It seems to us that the complaint states a good cause of action for such relief. The order should be reversed, with ten dollars costs.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days upon payment of the costs of the motion and of this appeal.