In the Matter of the Estate of JAY C. LEVINE, Deceased.

Surrogate's Court, New York County, October 20, 1934.

*Walter D. Wile,* for the executors.

*Koenig, Siskind & Drabkin,* for the claimant.

DELEHANTY, S. The executors of deceased move for the examination before trial of one Belle Gilbert Browning who makes various claims against the estate of deceased on promissory notes alleged to have been signed by deceased some fourteen or fifteen years before his death. No action was taken on the notes during the lifetime of deceased. By procuring an order for a bill of particulars the executors have ascertained that claimant asserts that the transactions giving rise to the instruments in question were all cash transactions. The defense of the Statute of Limitations is avoided by claimant by asserting part payments within the period of six years prior to the death of deceased. These payments again are said by the bill of particulars to have been cash payments. The executors assert and the circumstances support them in saying that in such a situation they are unable properly to prepare for trial unless they have an examination of the plaintiff on all matters relevant to all issues.

Objection is made by claimant that the current of authority denies such examination except on issues in respect of which the examining party has the burden of proof. Many cases to this effect are cited; all prior in date of decision to *Public National Bank* v.

*National City Bank* (261 N. Y. 316). The case just referred to states explicitly that the matter of an examination before trial is discretionary with the trial court both as to its granting and as to its extent. Here this court is of the opinion that the application should be granted as prayed for.

Objection is also made by claimant to the production of bank statements, check book stubs and vouchers. Since she claims the transactions were in cash and since such transactions are claimed to run into large sums it is evidently important that the source of such funds should be inquired into and accordingly her financial records may properly be inquired about. The order to be made will direct the production of such records.

Submit order on Monday, October 22, 1934, granting the application in all respects and directing the examination to proceed on Tuesday, October 23, 1934, at two o'clock P. M.