DETROIT TRUST CO. *v.* STRUGGLES.

1. EQUITY — ADEQUACY OF REMEDY AT LAW — TROVER — REPLEVIN— CONSTRUCTIVE TRUST.

Since neither the remedy of trover or replevin is available to recover new stock certificates for executor of estate of person who took stock certificates, indorsed them in blank and left them with broker as collateral for a third person's account and after death of plaintiff's testate broker caused new certificates to be issued in name of third person since plaintiff had no legal title thereto, suit was properly brought in equity for accounting of dividends and to determine ownership as equity has independent power to impose a constructive trust upon the traceable proceeds of converted property whenever it appears just and equitable to do so.

2. SAME—PLEDGES—CONVERSION—CONSTRUCTIVE TRUSTS—ACCOUNTING.

If surrender of stock certificates by pledgee and causing new ones to be issued in name of third person, after death of party in whose name original certificates had been issued, constituted a conversion, the proceeds of such conversion were new stock certificates and not money, hence constructive trust and not an accounting is appropriate remedial device to grant relief to executor of estate of party who left original certificates with broker-pledgee.

3. EXECUTORS AND ADMINISTRATORS—CONVERTED STOCK CERTIFICATES —EQUITY.

Executor of estate of owner of stock certificates, which were left with broker as collateral for a third person's account, should not be subjected to uncertainties of action for damages at law for conversion, effected by surrender of old certificates and causing new ones to be issued in name of third person, where new certificates of the allegedly converted property are within reach of equity.

. 4. EQUITY—CONCURRENT JURISDICTION—REMEDY AT LAW.

A court of equity has concurrent jurisdiction where a legal remedy is not available, the equitable remedy is more efficient or the procedure in equity affords advantages which are not attainable at law.

5. CORPORATIONS—OWNERSHIP OF PLEDGED STOCK.

In suit by executor of estate of owner of original shares of stock left with broker defendant as collateral for account of third person, also a defendant, if broker has a lien upon stock issued to third party upon surrender of original stock after death of its owner and with knowledge thereof, the court can still determine who is rightful owner as between plaintiff and such third party.

6. EQUITY—DECISIONS OF QUESTIONS OF FACT BY JURY.

Where jurisdiction of equity is clear there is no obligation to send questions of fact to jury and if it be thought expedient to do so, it should be by sending an issue to a jury, and not by dismissing the bill upon the hearing.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted January 5, 1938. (Docket No. 32, Calendar No. 39,793.) Decided February 24, 1938.

Bill by Detroit Trust Company, a Michigan corporation, executor of the estate of John L. Liggett, deceased, against Thomas J. Struggles and E. A. Pierce Company, a copartnership, to determine title to stock, for an accounting, an injunction and other relief. Bill dismissed. Plaintiff appeals. Reversed and remanded.

*Goodenough, Voorhies, Long & Ryan,* for plaintiff.

*John J. Sloan (Charles P. Hornauer,* of counsel), for defendant Struggles.

*Lewis & Watkins (William F. Fratcher,* of counsel), for defendant E. A. Pierce Company.

BUSHNELL, J.   According to the allegations of the bill of complaint of plaintiff, the executor of the estate of John L. Liggett, of Detroit, several months before his death, Liggett and his nephew, Thorpe J. Struggles, of Cleveland, brought to the Detroit office of defendant E. A. Pierce & Company, a certificate representing 500 shares of class A stock of Devoe & Reynolds Co., Inc., then standing on the books of the company in the name of Liggett.   Struggles, a customer of E. A. Pierce & Company, had an account at their Detroit office, where he was purchasing stocks on margin.   It is claimed that E. A. Pierce & Company required additional collateral of Struggles and the Devoe & Reynolds stock was loaned to him by Liggett for the purpose of protecting his account. The stock certificates were indorsed in blank by Liggett and delivered to E. A. Pierce & Company, with a letter signed by him, which read as follows:

"With respect to certificate No. 7905/9 representing 500 shares of Devoe & Reynolds A stock standing in my name and delivered to you through Mr. J. T. Struggles, I hereby authorize you to dispose of same or the proceeds thereof and any income therefrom in any manner he may direct, including a credit therefor to his personal account with you, and I hereby approve and confirm any accounting respecting same made to the said T. J. Struggles and accept the same to your full discharge."

Liggett continued to receive dividends on the Devoe & Reynolds stock until the time of his death, February 15, 1937, shortly after which date plaintiff claims that E. A. Pierce & Company, with the full knowledge of the death of Liggett, caused the certificates to be surrendered and new ones issued in lieu thereof in the name of defendant Struggles. Plaintiff charges that E. A. Pierce & Company's

right to retain the stock ceased upon the death of Liggett except in so far as it was then necessary to satisfy any debt owed by Struggles to E. A. Pierce & Company over and above other collateral held by them as the separate property of Struggles. Plaintiff says—"that at such time and at present the status of the account with Thorpe J. Struggles was such that said E. A. Pierce & Company had no lien thereon."

Learning that Struggles claimed to be the absolute owner of the stock and upon E. A. Pierce & Company's refusal to deliver the new certificates to plaintiff, it began action in the chancery court for the purpose of determining the rightful ownership thereof, for an accounting of the dividends paid, to restrain E. A. Pierce & Company from parting with the possession of the certificates until further order of the court, and, if the court should determine that plaintiff was either the owner or entitled to possession thereof, to compel an indorsement of the new certificates.

Defendants filed separate motions to dismiss but, upon similar grounds, namely that the bill of complaint upon its face did not state a cause of action cognizable in a court of equity and that plaintiff had an adequate remedy at law. Plaintiff appeals from an order dismissing its bill of complaint.

It is beside the point to discuss, as have the parties in their briefs, the adequacy of the remedies at law for the recovery of the new stock certificates issued in the name of Struggles. There could be no remedy at law, either in trover or replevin, for these certificates or their value, since plaintiff had no legal title thereto. Equity, however, possesses independent power to impose a constructive trust upon the traceable proceeds of converted property whenever it ap-

pears just and equitable to do so. *Warren* v. *Holbrook,* 95 Mich. 185 (35 Am. St. Rep. 554), and *Fur & Wool Trading Co., Ltd.,* v. *George I. Fox, Inc.,* 245 N. Y. 215 (156 N. E. 670, 58 A. L. R. 181). See, also, 35 Mich. Law Review, p. 798 (March, 1937).

In *Fur & Wool Trading Co., Ltd.,* v. *George I. Fox, Inc., supra,* it was alleged that goods belonging to plaintiff were taken from its possession by force and that the defendant received them, with knowledge of the facts, sold them at a large profit but at a price unknown to plaintiff, and has refused to account for the proceeds. The New York court, on appeal, reversed an order dismissing plaintiff's bill of complaint, quoting the following from *Lightfoot* v. *Davis,* 198 N. Y. 261 (91 N. E. 582, 29 L. R. A. [N. S.] 119, 139 Am. St. Rep. 817, 19 Ann. Cas. 747), where the action was with respect to bonds that were stolen and sold:

" 'The method by which equity proceeds in all these cases is to turn the wrongdoer into a trustee. If it may do so for the purpose of subjecting identified funds to the claim of the defrauded party, I do not see why it should not pursue the same method wherever it is necessary to protect the rights of the original owner. In the case of an actual trustee the *cestui que trust* may not only reclaim the trust property if he is able to trace it, but, failing to trace it, he is entitled to an accounting and personal judgment against the trustee.' "

We need not decide whether under the circumstances of the *Fur & Wool Trading Company Case, supra,* this court would grant relief by way of an accounting for the cash proceeds of the converted property. In the present case, assuming that the surrender and re-issue of the stock in the name of Struggles constituted a conversion, the proceeds of

such conversion were new stock certificates and not money and, therefore, a constructive trust and not an accounting is the appropriate remedial device to grant the relief prayed for in the bill of complaint.

Plaintiff should not be subjected to the uncertainties of an action for damages at law for the conversion of the old certificates (replevin being of no avail since it appears from the bill that the old certificates were surrendered and presumably cancelled and destroyed), where the new certificates, which are the proceeds of the allegedly converted property, are within the reach of equity.

In *Powers* v. *Fisher*, 279 Mich. 442, we said:

"Where a legal remedy is not available and the equitable remedy is more efficient, or where the procedure in equity affords advantages which are not attainable at law, the court of equity has concurrent jurisdiction. 13 Halsbury's Laws of England, p. 10.

"The fact that there is a legal remedy is not the criterion. That legal remedy, both in respect to its final relief and its modes of obtaining the relief, must be as effectual as the remedy which equity would confer under the circumstances or else the concurrent jurisdiction attaches."

Plaintiff's bill, while not one for discovery, nevertheless seeks relief in the nature of discovery. If the trial court should determine that Struggles is the rightful owner of the stock and entitled to possession thereof, that is the end of the inquiry. If E. A. Pierce & Company establishes a lien upon the stock, the court can still determine who is the rightful owner as between the estate and Struggles.

Defendants' argument regarding their right to trial by jury is answered by the following from *Chamberlain* v. *Eddy*, 154 Mich. 593, 604:

"Jurisdiction. It is contended that the bill should be dismissed, for the reason that there was an adequate remedy at law, and it is said that the case is one peculiarly adapted to trial by jury. We are of the opinion that equity has jurisdiction in this case, *first,* to declare that the property received was a trust fund, and to follow the fund and enforce payment against property purchased by it; *second,* to restrain by injunction the further disposition of the unexpended portion of the property. We are not impressed with the importance of a jury to decide any question in the case. A chancellor can do it as well. Where the jurisdiction of equity is clear, as in this case, there is no obligation to send questions of fact to the jury, and if it be thought expedient to do so, it should be by sending an issue to a jury, and not by dismissing the bill upon the hearing."

Under the circumstances of the case, the relief sought is peculiarly within the province of a court of equity. The order of the circuit court dismissing plaintiff's bill of complaint is therefore vacated and the cause remanded for further proceedings not inconsistent herewith. Costs to appellant.

WIEST, C. J., and BUTZEL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.