In the Matter of the Accounting of ROSE A. KAHN, as Administratrix of the Estate of ELLIOTT D. KAHN, Deceased, Appellant. MADELINE H. KAHN, Respondent.— Order of the Surrogate's Court of Queens County, denying a motion of the administratrix to examine a claimant before trial in an accounting proceeding, reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, payable out of the estate, the examination to proceed upon five days' notice. The denial of the motion as a matter of law upon the ground that the creditor has the burden of establishing the validity of her claim is no longer invariably warranted by the law. (*Public National Bank* v. *National City Bank*, 261 N. Y. 316; *Dorros, Inc.*, v. *Dorros Bros.*, 274 App. Div. 11; *Matter of Levine*, 157 Misc. 437.) Under the circumstances here shown it is our opinion that the motion may not be denied in the exercise of sound discretion. Carswell, Acting P. J., Johnston, Adel, Nolan and Sneed, JJ., concur.

In the Matter of EGLANTINE WILSON, Appellant, against BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.— Final order dismissing on the merits appellant's petition, under article 78 of the Civil Practice Act, for an order annulling respondents' termination of appellant's license and employment as a teacher of business training and common branches in junior high schools, unanimously affirmed, without costs. No opinion. Present — Carswell, Acting P. J., Adel, Nolan, Sneed and Wenzel, JJ.

ELMER JACKSON et al., Appellants, v. HARRY A. MULLEN et al., Respondents.— In an action in equity to compel an accounting, judgment which dismissed the complaint at the close of plaintiffs' case, without prejudice to instituting an action at law, reversed on the law and the facts and a new trial granted, with costs to appellants to abide the event. In our opinion appellants are entitled to an accounting in equity upon satisfactory proof that the individual respondent, the sole owner of the corporate capital stock, subject of the agreement between the parties, and in charge and control of the corporations' books, accounts and business, withheld proper entries in such books or by other means prevented the corporate records from portraying the full amount of profit made by the corporations. (*Fur & Wool Trading Co.* v. *Fox, Inc.*, 245 N. Y. 215; *Rhodes* v. *Little Falls Dairy Co.*, 230 App. Div. 571, affd. 256 N. Y. 559; *Newton* v. *Porter*, 69 N. Y. 133.) Johnston, Acting P. J., Adel, Nolan, Sneed and Wenzel, JJ., concur.

EDWARD LAVINE, Respondent, v. LONG ISLAND RAIL ROAD COMPANY, Appellant.— Judgment of the County Court, Suffolk County, for respondent, entered on the verdict of a jury, in an action for damage to respondent's automobile, which was struck by appellant's train at a railroad grade crossing, unanimously affirmed, with costs. No opinion. Present — Carswell, Acting P. J., Adel, Nolan, Sneed and Wenzel, JJ.

MORRIS LEDERHANDLER, Appellant, v. AMERIGO RAISLEY, Respondent.— In an action by the vendee for specific performance of a real estate contract, order denying appellant's cross motion to strike out the affirmative defense set forth in the answer, insofar as appeal is taken, affirmed, with $10 costs and disbursements. No opinion. Carswell, Acting P. J., Johnston, Adel, Nolan and Wenzel, JJ., concur.