BROWNBACK, Appellant, *v.* NELSON, Respondent.
No. 8850
Submitted January 17, 1949. Decided June 8, 1949.
206 Pac. (2d) 1017

(525)

Mr. T. H. MacDonald, Kalispell, and Mr. James E. Murphy, Kalispell, for appellant. Mr. Murphy argued orally.

Messrs. Walchli, Korn & Warden, Kalispell, and Mr. Lyman H. Bennett, Jr., Virginia City, for respondent. Mr. Korn and Mr. Bennett argued orally.

MR. JUSTICE ANGSTMAN:

Plaintiff appealed from an order changing the venue of the action from Flathead to Madison county. The facts before us are those appearing from the complaint.

Plaintiff and defendant entered into a partnership agreement in May 1939 for the operation of a tire business in Kalispell. In 1942 plaintiff was inducted into the army and thereupon they entered into an oral agreement whereby defendant was to continue the business and receive $200 per month wages from the business with the profits divided equally between the two.

Plaintiff entered the army in January 1942 and defendant operated the business from that time until June 1945. During that time defendant installed a system of bookkeeping which plaintiff did not understand and though he was on furlough and returned to Kalispell on three occasions during his military service and tried to examine the books, he could not understand them and relied upon representations of the defendant as to the profits from the business.

In June 1945, in Flathead county, defendant requested plaintiff to sell to defendant plaintiff's interest in the partnership, which he did. A part of the sale agreement provides: ''Now, Therefore, The party of the second part for and in consideration of the sum of $10,000.00 to him in hand paid by Fred Nelson, party of the first part, the receipt whereof is hereby acknowledged, has agreed to sell, and does hereby sell, assign, transfer and convey unto said party of the first part all of said second party's right, title and interest of whatsoever kind or nature in and to said partnership business and in and to all property, real, personal, or mixed, belonging to said partnership, or in which said partnership may have any interest, including, but without limitations, all cash in banks and bank accounts, bonds, accounts and notes receivable, stocks of merchandise, equipment, tools, and all other property owned or used in connection with the operation of said business, as well as said first party's right to continue said business in Kalispell under said firm name * * *

''It is hereby mutually understood and agreed that the copartnership heretofore existing between these parties known as Kalispell Tire Service Co. of Kalispell, Montana, is hereby terminated and dissolved by mutual consent of said partners, each of said partners hereby acknowledging that there has been prior to the execution of this Dissolution Agreement a full and complete accounting of said partnership and affairs by the parties hereto, and that this agreement represents a full and complete accounting and dissolution of said partnership, and that said second party henceforth has no right, title or interest in said partnership business or assets or any part thereof.''

It is alleged that defendant fraudulently and falsely misrepresented the earnings of the business; that he failed to make a proper accounting to the plaintiff of the profits earned by the business between January 15, 1942, and June 15, 1945; that he caused his employees to make false entries in the books, showing extraordinary expenses so that the business did not make a profit; that in 1945 when the negotiations for the sale of the

business were being made, the defendant knowingly misrepresented the business activities; that he knowingly made false representations as to the profits and that the partnership business was not a profitable venture, and that its value was only the value of the physical property of the partnership; that defendant induced plaintiff to sell his share of the partnership business as a result of such misrepresentations for the wholly inadequate price of $10,000; that in truth and fact, as the defendant well knew, plaintiff's interest was worth approximately $25,000; that there were undistributed profits shown by the books of the partnership in excess of $11,000. It is alleged that plaintiff relied upon these false representations in selling his interest.

In paragraph X of the complaint it is alleged: "That sometime during the year 1942, defendant purchased a house in Kalispell, Flathead County, Montana, which he occupied as his home; that defendant paid therefor, the sum of approximately $3,800.00, all of which was paid for by him with monies wrongfully extracted from the partnership business as herein set forth; that on or about June 1, 1947, defendant sold said house for the sum of approximately $11,500.00 realizing a profit thereon of approximately $7,700.00 and plaintiff is entitled to one-half of the profits so realized by defendant from the sale of such house so purchased by him with the funds of said partnership business, and one half of the reasonable rental value thereof; that defendant has failed and refused to pay any part thereof to plaintiff to plaintiff's damage in the sum of $6,850.00 with interest at the legal rate."

The action was commenced in Flathead county. Service was had upon defendant in Madison county, the county of his residence at the time the suit was brought. The motion for change of venue is based upon the grounds: That at the time of commencement of the action the defendant was and at all times since has been a resident of Madison county, and was served with process in Madison county, and that all acts and representations in connection with the sale of the partnership busi-

ness were done and made outside the state of Montana. These facts were made to appear by the affidavit of the defendant filed with his demand, motion and notice of motion. The plaintiff resisted the motion for change of venue and after hearing thereon the court found plaintiff's complaint consisted of one cause of action arising from a tort committed in Flathead county, except for paragraph X; that paragraph X was not an action in tort but one in equity and was triable at the place of residence of defendant and therefore of necessity the entire action must be transferred to Madison county.

It is contended that by paragraph X of the complaint, plaintiff is seeking to impose a trust upon the proceeds of property converted by defendant and that therefore the action so far as paragraph X is concerned is equitable in its nature.

We do not agree with that contention. Paragraph X like the balance of the complaint is in tort for damages. It is but one of the items of damages relied on by plaintiff.

The partnership had been dissolved by agreement. Plaintiff alleges in substance that he had been induced to make the agreement through fraud and misrepresentations of defendant. For that fraud and deceit plaintiff had an election of remedies. He could have brought an action in equity to rescind the agreement, or he could maintain an action at law to recover damages. Crockett v. Burleson, 60 W. Va. 252, 54 S. E. 341, 6 L. R. A., N. S., 263; Johnstone v. Morris, 210 Cal. 580, 292 Pac. 970. By affirming the sale he affirmed the dissolution of the partnership. French v. Mulholland, 218 Mich. 248, 187 N. W. 254, 21 A. L. R. 1; Wright v. Lake, 178 Ark. 1184, 13 S. W. (2d) 826; Farnsworth v. Whitney, 74 Me. 370.

An action at law is the proper remedy for fraud and deceit practiced by one partner upon the other in the settlement agreement between the two resulting in the dissolution of the partnership. See cases in note in 21 A. L. R., p. 97. Paragraph X of the complaint does not seek to establish a trust. It sets forth that in 1942 defendant purchased a home in Kalispell with partnership funds amounting to $3,800; that the property

was sold in 1947 at a profit of $7,700, of which plaintiff is entitled to one-half, together with the reasonable rentals. The partnership, it should be noted, was dissolved in 1945. This is not a case where one partner sues another during the continuance of the partnership, nor in the winding up process as in Wilson v. Wilson, 64 Mont. 533, 210 Pac. 896. The authorities cited in support of the contention that paragraph X seeks to impose a trust and is therefore equitable are cases wherein plaintiff was the owner of the property sought to be traced.

Here it is not claimed that either the house or the money that was used for its purchase is now partnership property. The partnership no longer exists. By affirming the dissolution of the partnership, plaintiff must concede that the title to the house when it was sold was in defendant. A different situation would be presented were plaintiff seeking to rescind the dissolution agreement.

Before plaintiff may be said to be on the equitable side of the docket he must allege sufficient facts to show that the partnership, as such, or he personally is the owner of the fund derived from the sale of the house. This cannot be done when it is conceded, that the partnership was dissolved in 1945, two years before the sale and where the sale had nothing to do with winding up the affairs of the partnership. The partnership affairs had already been settled by the agreement. Plaintiff's cause of action in paragraph X is at law for damages because of the fraud and deceit alleged. It may be that plaintiff has chosen the wrong measure of damages. Compare Dow v. Berry C. C., 18 F. 121, and Curry v. Windsor, 22 Ariz. 108, 194 Pac. 958.

He may be limited to the value of the house at the time of the dissolution agreement. But that matter has to do with appropriate instructions to the jury and has nothing to do with the question whether the action is in law or in equity. The complaint and paragraph X thereof states facts sufficient to entitle plaintiff to damages in an action at law but is insufficient in equity.

The action is at law and the proper venue of the action is in the county where the tort was committed. Sec. 9096, R. C. M. 1935.

It is shown that plaintiff filed a former complaint which had ▮ been dismissed in which he alleged that the request made by defendant to plaintiff to sell his interest was made in Kingman, Arizona, and that misrepresentations were made at Kingman, Arizona. The present complaint alleges that the request and misrepresentations were made in Kalispell. It is contended that plaintiff is bound by the first complaint in the absence of any explanation offered for the discrepancy in the allegations.

We do not agree with respondent's contention in this respect. It is entirely possible that the request and representations were made in both places. At any rate we cannot say that the trial judge was in error in concluding as he did that the tort on which plaintiff relies was committed in Flathead county.

The order appealed from is reversed.

Mr. Chief Justice Adair and Associate Justices Freebourn and Bottomly, concur.

MR. JUSTICE METCALF (dissenting):

The trial judge found that paragraph X was an action in equity. In paragraph X the plaintiff is seeking to recover the profits realized from the sale of a dwelling house purchased with partnership funds. If he were attempting to recover damages for wrongful conversion of partnership property he would be entitled to be compensated for the injury sustained. But he cannot be placed in a better position than he would have been had the wrong not been done. 15 Am. Jur., "Damages," sec. 65, p. 469. Here the plaintiff wants the restoration of the money converted but in addition he wants to share in the profits the defendant received. He is not entitled to such profits in an action in tort or under the common counts in quasi contract. He must recover these damages in a court of equity.

In the case of Wilson v. Wilson, 64 Mont. 533, 543, 210 Pac. 896, 899, this court held: "Partners occupy a fiduciary relation

toward one another, and the rule of law is well settled that, where one partner having possession and control of the partnership funds uses the same to purchase land in his own name, the land so purchased inures to the benefit of all the partners, and each of his copartners may demand an interest in the property acquired corresponding in extent to his interest in the funds in the first instance. In other words, under such circumstances, a resulting trust in the property springs up in favor of the partnership, and the grantee holds it as a mere trustee for the partnership.'' (Citing many cases and text authorities.) See also Restatement on Restitution, sec. 202 and Mather v. Musselman, 79 Mont. 566, 257 Pac. 427.

The reason for the imposition of the constructive trust is: ''Where a person by the consciously wrongful disposition of the property of another acquires other property, the person whose property is so used is not only entitled to hold the wrongdoer personally liable for the value of the property wrongfully disposed of but he is entitled as an alternative to the property so acquired. If the property so acquired is or becomes more valuable than the property used in acquiring it, the profit thus made by the wrongdoer cannot be retained by him; the person whose property was used in making the profit is entitled to it. The result, it is true, is that the claimant obtains more than the amount of which he was deprived, more than restitution for his loss; he is put in a better position than that in which he would have been if no wrong had been done to him. Nevertheless, since the profit is made from his property, it is just that he should have the profit rather than that the wrongdoer should keep it.'' Restatement Restitution, Comment (c), sec. 202.

Note that Wilson v. Wilson, supra, says a ''resulting trust'' will be imposed and the Restatement says a ''constructive trust'' will be imposed. As to the distinction between a ''resulting'' and a ''constructive'' trust, see Meagher v. Harrington, 78 Mont. 457, 470, 254 Pac. 432; sec. 7887, R. C. M. 1935; 3 Scott on Trusts, sec. 462.1, p. 2315.

The imposition of the constructive trust in Wilson v. Wilson,

supra, and the principle enunciated in section 202 of the Restatement on Restitution is based upon the tracing of the converted funds into the actual res which is the product of the property obtained by fraud. In the instant case the dwelling house purchased with the partnership funds has been sold and the money received has been intermingled so that the proceeds cannot be traced. The appellant is demanding a money judgment for the profit received.

In such case equity will grant relief. ''The entire profits belong to the cestui que trust, and equity will so mould and apply the remedy as to give them to him.'' May v. Le Claire, 11 Wall. 217, at page 236, 78 U. S. 217, at page 236, 20 L. Ed. 50; Dow v. Berry, C. C., 18 F. 121, 126.

''Where the claimant would be entitled to enforce a constructive trust or equitable lien upon the product of his property if his property could be traced into a product, but he is unable to trace it, he may be entitled to maintain a proceeding in equity to enforce a personal liability of the wrongdoer.'' 3 Scott on Trusts, sec. 522, p. 2513; 21 C. J., Equity, sec. 36, p. 59; 30 C. J. S., Equity, sec. 28, pages 354, 355; United States v. Carter, 217 U. S. 286, 317, 30 S. Ct. 515, 54 L. Ed. 769, 19 Ann. Cas. 594; Madison Trust Co. v. Carnegie Trust Co., 167 App. Div. 4, 152 N. Y. S. 517, 530; Fur & Wool Trading Co. v. George I. Fox, Inc., 245 N. Y. 215, 156 N. E. 670, 58 A. L. R. 181; Otis v. Otis, 167 Mass. 245, 45 N. E. 737; Andersen, Meyer & Co. v. Fur & Wool Trading Co., 9 Cir., 14 F. (2d) 586; Detroit Trust Co. v. Struggles, 283 Mich. 471, 278 N. W. 385; 2 Perry on Trusts, secs. 837, 843, 844, 847.

An examination of the complaint will show that plaintiff has pleaded a cause of action for a constructive trust. He has established the fiduciary relationship, the wrongful act and the profit made as a result of that act.

The majority state that by consenting to the dissolution agreement he is not entitled to impose a trust. But the trust is imposed by operation of law at the time of the wrongful act of the fiduciary. By fraud and misrepresentation the defendant in-

duced the plaintiff to consent to a dissolution of the partnership but that does not terminate the trust nor relieve the trustee of his obligations.

The trial court was correct in finding that paragraph X was founded in equity. Therefore the action is a transitory one and should be governed by the provisions of section 9096, R. C. M. 1935. McKinney v. Mires, 95 Mont. 191, 26 Pac. (2d) 169.

The order should be affirmed.

Rehearing denied June 8, 1949.