Anthony J. Di Giovanna, J.
Motions to dismiss the amended complaint pnrsnant to subdivision 4 of rule 106 of the Rules of Civil Practice, for legal insufficiency and for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice.
The amended complaint contains two causes of action. The first, by all the plaintiffs against both defendants, alleges that plaintiffs Majestic Loose Leaf, Inc., and The Camille Company, Inc., are domestic corporations, all the stock of which was owned *1041 by Harry Li Castri, deceased; that plaintiff Majestic Loose Leaf, Inc., is engaged in the business of manufacturing leather albums and kindred articles; that plaintiff Camille is in the business of selling the said manufactured articles and that the issued stock of the corporate plaintiffs constitutes the major assets of the deceased’s estate. '
It is further alleged that at the time of the deceased’s death, the defendants were in the employ of the corporate plaintiffs and continued in such employ until April 17, 1957, when the defendant Cannizzaro was discharged and the defendant Li Castri, the stepson, quit and gave up his position. It is then alleged that the process used by the corporate plaintiffs in manufacturing their products in the cutting of leather hides to ’ various sizes is an essential step and because of the varied and irregular shapes of the hides, the cutting process results in and produces leftover remnants of leather hides known as leather scrap, which material has a market value and is salable for the manufacture of many other useful articles; that corporate plaintiffs use genuine gold leaf in stamping the outside and inside of said products; and that the stamping process produces waste, salable only to dealers to whom the United States Treasury Department has issued a license.
It is then alleged, upon information and belief, that between September 22, 1955 and April 17, 1957 the defendants, without the knowledge and consent of the plaintiffs, conspired to and did surreptitiously and fraudulently take possession of, sold and caused to be sold large quantities of leather scrap belonging to plaintiffs to various dealers and received large sums of money in payment; that they also took possession of, sold and caused to be sold large quantities of gold leaf waste belonging to the plaintiffs and received and appropriated therefrom large sums of money in cash; that they caused to be manufactured leather albums and other kindred articles belonging to said corporate plaintiffs and sold the same and appropriated the money; that the defendants never accounted to the plaintiffs for the money; and that the plaintiffs are entitled to all the moneys received by the defendants for the sale of leather scrap, leather albums and other kindred articles and gold leaf waste for the reason of their being the owners of the property and the plaintiffs are entitled to an accounting from the defendants.
The second cause of action alleges that plaintiff Carmela Li Castri, as administratrix of her late husband’s estate, has the right to sell the stock of the corporate plaintiffs and the business of the corporate plaintiffs and that defendant Andrew Li Castri, a stepson, is entitled to one-ninth of the stock; that defendant *1042 stepson offered the plaintiff widow a proposition to the effect that if she would agree not to sell the business of the corporate plaintiffs and continue the' same, give him a top level position in said corporations, a substantial increase in salary over the sum of $85 gross per week, he would join her in taking his interest in the deceased’s estate in kind so that the corporate plaintiffs might continue in business after the final accounting had been approved by the Surrogate. It is alleged that this proposition was accepted by the widow.
It is then alleged that pursuant to the agreement plaintiff widow caused the defendant stepson to be chosen president and director of each of the corporate plaintiffs and that his salary was increased to $150 per week and then increased to $200 per week and later decreased to $160 per week; that the defendant stepson refused to execute a written consent to take his distributive share in kind and quit and gave up his position in the corporate plaintiffs. Plaintiff alleges a breach of the agreement and claims damages.
The amended answer denies the material allegations of the complaint and sets up a number of defenses. The first defense to the first cause of action asserts that the plaintiffs have an adequate remedy at law.
The first defense to the second cause of action alleges that the individual plaintiff is an officer and director of the corporate plaintiffs; there are certain distributees of the estate, one of whom is incompetent; that the alleged agreement of the second cause of action is contrary to the statutory law of the State in that it concedes the use by a beneficiary of her position for personal profit and gain and that the affairs of the corporate plaintiffs are conducted not for the benefit of the distributees but for the personal gain and profit of the plaintiff widow.
The second defense to,the second cause of action alleges that the agreement violates the Statute of Frauds in that there is no note in writing or memorandum.
The third defense to the second cause of action alleges that the agreement was not to be completed by the end of her lifetime and was not in writing.
As a partial defense it is alleged that the action was not authorized by the board of directors, or by the certificate of incorporation, or the by-laws.
The fifth defense to both causes of action and by way of offset and counterclaim alleges a cause of action in damages for fraud and conspiracy against the plaintiffs and alleges a series of acts constituting such fraud and conspiracy.
*1043 The sixth defense to both causes of action and by way of counterclaim alleges an illegal removal of the defendant Li Castri as president and director of the corporate plaintiffs without any lawful meeting of the board of directors and seeks damages therefor.
The reply is a general denial.
Defendants contend that the allegation of the first cause of action are insufficient to constitute a cause of action in equity in favor of any of the plaintiffs. As to the plaintiffs The Camille Company, Inc., and Carmela Li Castri, defendants urge that there are no facts alleged pointing to the violation of any primary rights of these two plaintiffs and furthermore that the complaint fails to allege that the plaintiffs have no adequate remedy at law.
Keeping in mind the provisions of section 192 of the Civil Practice Act which state in substance that no action will be defeated by a nonjoinder or misjoinder of parties except as provided in section 193, and that parties may be added or dropped by the court at any stage of the cause, it follows that if the cause of action as pleaded is otherwise sufficient, the mere fact that one or more of the plaintiffs is not entitled to the relief sought would not be a ground for dismissal.
Assuming arguendo that the first cause of action fails to allege the violation of any primary rights of the plaintiffs The Camille Company, Inc., and Carmela Li Castri, then the only result is that these parties have been misjoined. This may be corrected by dropping them at any time.
Where, as here, it is charged that the defendants, who are agents or employees, surreptitiously and fraudulently stole various types of property belonging to the plaintiffs and sold it to others and appropriated the proceeds, the rightful owners are clearly entitled to an accounting in equity. Upon the situation presented by the facts alleged herein, there is a sufficient showing of the existence of a fiduciary relationship and a breach thereof entitling, at least the plaintiff Majestic, to an accounting. Consequently the motion to dismiss the first cause of action is denied.
As to the objection that the complaint fails to allege that the plaintiffs have no adequate remedy at law, suffice it to say that where, as here, the facts alleged indicate that an action in equity is necessary and proper, there is no need to allege it in so many words (Rockefeller v. Kellas, 222 App. Div. 368, 371; American Guar. & Liability Ins. Co. of N. T. v. Wtulich, 128 N. Y. S. 2d 135). An action in conversion would not be as adequate a remedy (Frier v. J. W. Sales Corp., 261 App, Div. 388).
*1044 In the comparable case of American Guar. & Liability Ins. Co. of N. Y. v. Wtulich (supra, pp. 135-136), the court made the following apt statement:
“ The rule which gives equity jurisdiction for the purpose of compelling an accounting where any confidential or fiduciary relationship exists has been extended even to cases where legal and equitable remedies are concurrent. Rhodes v. Little Falls Dairy Co., 230 App. Div. 571, 245 N.Y.S. 432, affirmed 256 N.Y. 559, 177 N.E. 140; Fur & Wool Trading Co., Ltd. v. George I. Fox, Inc., 245 N.Y. 215,156 N.E. 670, 671, 58 A.L.R. 181. In the Fur & Wool Trading case, supra, the court said: ‘ Clearly a thief, having sold stolen goods, may be treated as a trustee of the proceeds and also of any property into which they have been transformed, so long as either may be identified. Under such circumstances broader relief may be obtained in equity than at law. Where necessary, an accounting may be had. A lien may be declared. A surrender of the trust property may be decreed. Newton v. Porter, 69 N.Y. 133; American Sugar Refining Co. v. Fancher, 145 N.Y. 552, 40 N.E. 206, 27 L.R.A. 757; Hammond v. Pennock, 61 N.Y. 145; Jaffe v. Weld, 220 N.Y. 443; 116 N.E. 73.’
‘ ‘ The material ' allegations of the complaint, necessarily accepted as true for the purposes of this motion, are sufficient to warrant equity to take jurisdiction of this cause.”
The second cause of action which seeks the recovery of $8,680 in the form of excess salary paid to the defendant Li Castri, pursuant to an agreement made by Li Castri and thereafter breached by him through his refusal to perform, is, in my opinion, sufficiently pleaded.
The agreement allegedly made by the plaintiff Carmela Li Castri must be construed as having been entered into by her not only in her individual capacity but as an officer and director of the corporate plaintiffs. Only upon such theory could she have bound the corporate plaintiffs to pay increased salary to the defendant.
The increases in salary were paid to the defendant by the corporate plaintiffs pursuant to the said agreement and only they would have the right to recover it.
The contention of defendant to the effect that a legal representative may not bind the estate by an executory agreement is not questioned. But such argument is not applicable here because no attempt is made to bind the estate by any agreement.
It is contended by plaintiffs that the moving defendant having been paid a substantial sum of money in reliance upon an agreement which he thereafter refused to perform is obligated to *1045 return it to the corporations which paid it. I agree with this contention.
The mere fact that Carmela Li Castri is named in her representative capacity as the person who made the agreement does not affect the situation. The use of the word “ administratrix ” may be disregarded. It serves only to identify the person and not limit or qualify the liability (Schmittler v. Simon, 101 N. Y. 554, 558; Ward v. Newburgh Savings Bank, 269 App. Div. 525).
If Carmela Li Castri has no interest in the recovery, the defect, if any, is a misjoinder of parties which must be disregarded (Wolford v. Copelon, 242 App. Div. 91).
The second cause of action is sufficiently pleaded and the motion to dismiss it is denied.
The motions for judgment on the pleadings also are denied. On a motion of this character made by the defendant the only question before the court is Avhether the complaint on its face states a cause of action. Affirmative defenses interposed by the defendant may not be considered (Stevenson v. News Syndicate Co., 302 N. Y. 81; Lipkind v. Ward, 256 App. Div. 74; 5 CarmodyWait on New York Practice, p. 80). The counterclaims are controverted by the reply.
Settle orders on notice accordingly.