## Andrew Olson and others v. Ezekiel Morrison.

*Partnership: Sale of assets: Creditors: Equitable lien.* One who has purchased of one of a firm, property subject to partnership debts, and has agreed in writing to assume and pay such debts, as part of the purchase price, thereby recognizes the equitable lien of the partnership creditors; and it is not necessary that such creditors should put their claims in judgment before filing a bill to compel such payment.

*Partnership: Creditors: Common relief: Parties.* The creditors of the partnership are entitled to a common relief under such contract, and may properly unite in a suit to obtain it.

*Parties: Partnership.* The partner with whom the contract was made was also a proper complainant; and the other partner might have been made a party also, but was not a necessary party.

*Parties: Principal debtor.* The creditors are not required to exhaust their remedy against the partners before having relief from such purchaser; the latter, by assuming the debts, has taken the place of a party primarily responsible, and is precluded from insisting that parties whom he has undertaken to relieve from payment shall be pursued.

*Remedy at law: Equitable relief.* The fact that a remedy by suit at law upon the contract was admissible, does not preclude a resort to equity, where the remedy is so much more complete, and embraces what might otherwise have been numerous suits, with a possible necessity for equitable relief finally.

*Heard May 1.    Decided July 8.*

Appeal in Chancery from Muskegon Circuit.

This bill was brought by Andrew Olson and the creditors of the firm of Olson & Jones, to compel the defendant

to pay such creditors the amount of their claims, and to have the same decreed to be an equitable lien upon certain property purchased by the defendant of said Olson and formerly belonging to Olson & Jones, and to enjoin the defendant from conveying or incumbering the property. The right to the relief sought was based upon the provisions of the following contract:

"Memorandum of an agreement this day made between Ezekiel Morrison, of the city of Chicago, state of Illinois, and Andrew Olson, of the village of Muskegon, county of Muskegon, state of Michigan, *Witnesseth*, That the said Morrison agrees to pay to the said Olson, the sum of two thousand dollars in manner following, to-wit: One thousand dollars on the execution and delivery of these presents, and one thousand dollars within ninety days from this date, with interest thereon, at the rate of seven per cent. per annum, in the city of Chicago, and the said Morrison further agrees to assume and pay off all the outstanding undischarged indebtedness of the firm of Olson & Jones heretofore existing and operating in Muskegon aforesaid; and these covenants of the said Morrison are in consideration of the agreements of the said Olson hereinafter stated, to-wit: The said Olson agrees, forthwith, to make, execute and deliver a good and sufficient warranty deed, to be executed by himself and Ann Olson, his wife, subject, however, to the incumbrances of record in the register's office of the county of Muskegon, which deed shall convey to the said Morrison the said Olson's undivided half share, or interest, in the so-called Olson & Jones' mill property, situate in the town of Laketon, county of Muskegon, and for a special description of which reference is now made to a certain deed made by John Jones and Emily M. Jones, his. wife, to the aforesaid Ezekiel Morrison of his, the said Jones', undivided half of the aforesaid mill property; said deed bearing date the 27th day of September, 1869, and recorded on said day in Liber 13, page 451, of the records of said county; and also to make and execute, to the said

Morrison, a bill of sale of all the personal property heretofore held and owned by the firm of Olson & Jones, and used in and about the aforesaid mill and mill business, in Laketon aforesaid, and the consideration of the said agreements of the said Olson is the aforesaid agreement of the said Morrison to pay the aforesaid sums of money; and the said Ezekiel Morrison and the said Andrew Olson further agree that the covenants of each hereinbefore made shall bind their several heirs, executors, administrators and assigns."

A decree was granted substantially in accordance with the prayer of the bill, and the defendant appealed.

*Gray, Smith & Nims* and *Andrew T. McReynolds*, for complainants.

*Henry H. Holt* and *L. D. Norris*, for defendant.

COOLEY, J.

The decree which was rendered in the court below in this case appears to be correct.

The creditors of Olson & Jones were entitled to a common relief under the contract between Olson and Morrison, and might very properly unite in a suit to obtain it. Olson was also a proper complainant, as being interested in the payment of the debts, and also as being a party to the contract. Jones might have been made a party also, but there seems to be no sufficient reason requiring it.

It was not necessary for the creditors to obtain judgments before filing the bill. Morrison had purchased property which had belonged to the partnership of Olson & Jones, and which had constituted a fund for the satisfaction of their demands; and having agreed in writing to assume and pay these as a part of the price in making his purchase, he had thereby recognized their equitable lien. And there is no more reason for requiring the several creditors to put their demands in judgment at law, than there

would be in the ordinary case of a settlement in equity of partnership affairs.

·    Nor should the creditors be required to exhaust their remedy against Olson & Jones before having relief from Morrison.    The latter, by assuming the debts, has taken the place of a party primarily responsible, and is precluded from insisting that parties whom he has undertaken to relieve from payment shall be pursued.    The creditors might have elected to proceed against Olson & Jones, but they were also at liberty to do what they have done, and join Olson in pursuing the remedy on Morrison's contract. And though Olson had a remedy against Morrison on his contract by suit at law, yet the remedy in equity was so much more complete, embracing, as it did, what might otherwise have been numerous suits with a possible necessity of resorting to equity afterwards, that his right to elect it seems unquestionable.

The decree must be affirmed, with costs.

The other Justices concurred.