PEDOWSKI *v.* SOUTHERN MICHIGAN FRUIT ASSN.

EQUITY—ACCOUNTING—ADEQUATE REMEDY AT LAW.
> In suit by several plaintiffs against co-operative marketing association, engaged by plaintiffs as their agent to market, sell, and account for grapes sold, decree of court below dismissing bill is reversed, on appeal, and bill sustained for accounting, but no more; plaintiffs having no adequate remedy at law.

Appeal from Van Buren; Warner (Glenn E.), J. Submitted October 19, 1932. (Docket No. 152, Calendar No. 36,749.) Decided January 3, 1933.

Bill by Tony Pedowski and others against Southern Michigan Fruit Association, a co-operative association, for an accounting, receiver, injunction, and other relief. Bill dismissed. Plaintiffs appeal. Reversed, and accounting ordered.

*Lewis R. Williams, Carleton W. Benton,* and *H. H. Adams,* for plaintiffs.

*David Anderson,* for defendant.

FEAD, J. Thirty-one plaintiffs, nonjudgment creditors, joined in a bill for accounting, injunction, receivership, dissolution of defendant, etc. The court entered decree dismissing the bill for want of equity and misjoinder of parties plaintiff.

Plaintiffs' counsel have not made clear the theory upon which they claim the broad relief sought, nor have they pointed out allegations of fact which would support it. We think the bill can be sustained for an accounting, but no more.

It is alleged that plaintiffs engaged defendant as their agent to market, sell, and account for their grapes under a marketing agreement. Plaintiffs do not claim recovery of the value of grapes delivered nor of the entire sale price. The bill avers that defendant is entitled to make deduction for a proper proportion of the expense of maintaining defendant. It is also alleged that the grapes were handled by defendant under certain pooling arrangements which determine division of the proceeds of various deliveries. It is averred that defendant has violated the agreement in this respect and has diverted to others money due plaintiffs. They state they do not know the amounts to which they are entitled, as the knowledge of proper deductions and disposition of funds is in the possession of defendant, who refuses to account for them. All plaintiffs have common interest in some pools.

Upon the facts, plaintiffs have no adequate remedy at law because the amount due them can only be determined by an accounting.

Decree reversed, and cause remanded for further proceedings, with costs to plaintiffs. Questions of law affecting the accounting must be left to the hearing on facts.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.