HAYLOR v. GRIGG-HANNA LUMBER & BOX CO.

1. EQUITY—ADEQUACY OF REMEDY AT LAW—PARTIES.

  Administratrix of estate which had a lien on all the stock of a corporation to secure payment of a judgment in favor of the estate, the party who would be prejudiced by satisfaction of plaintiff's claim in action upon note, regular upon its face, executed by plaintiff and another as president and treasurer of corporation, not being a party to, nor able to defend, such action at law on ground that note was executed incident to plaintiff's fraudulent conspiracy to loot the company's assets, has a right to come into equity for the protection of her interests.

2. SAME—ADEQUACY OF REMEDY AT LAW—REMOVAL OF OBSTACLES TO RELIEF.

  In certain situations even though a plaintiff's right at law is fully recognized and a money judgment would afford adequate relief, where the rules of procedure present obstacles to the attainment of such relief at law, equity is invoked to remove such obstacles.

3. SAME—COMPLETENESS AND ADEQUACY OF REMEDY.

A resort to court of equity is necessary whenever complete and adequate relief requires an adjustment of diverse rights among the parties, as in adjusting liens, distributing funds and in matters of account.

4. SAME—SAME PARTY AS PLAINTIFF AND DEFENDANT.

The impossibility of the same person being both plaintiff and defendant in an action at law, often confers jurisdiction in equity to enforce a demand of such a nature that the same person would be required to be joined both as plaintiff and as defendant in an action at law.

5. SAME—RELIEF FROM FRAUD.

Equity will always entertain jurisdiction to relieve from fraud, notwithstanding the law would afford relief, either by action or defense, where such remedy would be doubtful, incomplete or otherwise inadequate.

6. SAME—SPECIFIC RELIEF.

Equity has jurisdiction where complete protection and relief requires the cancellation of written instruments, the rescission of a transaction, or other specific relief of equitable character.

7. SAME—SUPERIOR ADEQUACY OF SPECIFIC RELIEF.

Jurisdiction of court of equity in a case in which a judgment at law, if obtained, would not afford adequate protection to the right asserted, is based upon the superior adequacy of specific relief in equity, adapted to the nature of the right and of the wrong committed or threatened.

8. PARTIES—INTERVENTION—ASSUMPSIT—CONSPIRACY.

Holder of a lien against all of a corporation's stock as security for payment of a judgment, which corporation was a defendant in action of assumpsit on a note given by the corporation to plaintiff who was its president at time of execution, could not have her claim that plaintiff had conspired to deplete the corporate assets adjudicated in assumpsit even though she were permitted to intervene.

9. CALENDAR—TRANSFER OF CAUSES.

The right to have a law suit transferred to the equity side of the court is not restricted to such cases as those in which it appears on a plaintiff's motion that the action should have been commenced in equity but transfer may be had on a defendant's motion as well (3 Comp. Laws 1929, § 14008).

10. SAME—INTERPOSITION OF CLAIM OF PLAINTIFF'S CONSPIRACY TO LOOT DEFENDANT CORPORATION'S ASSETS BY HOLDER OF LIEN THEREON.

Defendant corporation in action of assumpsit by payee on its promissory note *held*, entitled to transfer such action to equity side of court to permit interposition of claim of holder of lien on entire stock of the defendant, which stock was held by a receiver for purpose of satisfying such lien, that plaintiff who had been the corporation's president had conspired to remove funds of the company to which lienholder was entitled under her lien, notwithstanding such lienholder was not a party to the action of assumpsit on the note, since although the corporation is named as defendant, the real party defrauded would be the lienholder and the interests of the lienholder, receiver and corporation are similar (3 Comp. Laws 1929, § 14008).

11. PARTIES—JOINDER AFTER TRANSFER OF CAUSE TO EQUITY.

Following affirmance of order transferring action of assumpsit against a corporation on a note to equity side of court to the end that adjudication might be had as to claim of lienholder on entire stock of corporation that plaintiff had conspired to remove funds of the company unlawfully while acting as its president, joinder of such lienholder and receiver who is holding stock for satisfaction of the lien is ordered and such other necessary parties is permitted on application to the circuit court or on its order *sua sponte* and requisite amendments to pleadings to be made to conform therewith (3 Comp. Laws 1929, §§ 14008, 14021).

Appeal from Wayne; Miller (Guy A.), J. Submitted October 4, 1938. (Calendar No. 40,195.) Decided December 22, 1938.

Assumpsit by William G. Haylor against Grigg-Hanna Lumber & Box Company, a Michigan corporation, for sums due on a promissory note. Plaintiff reviews order transferring cause to chancery side of court by appeal in the nature of mandamus. Affirmed.

*Ronald R. Weaver* and *James R. Breakey, Jr.,* for plaintiff.

*Kenneth M. Stevens* and *William S. Peterson,* for defendant.

McALLISTER, J.   On April 12, 1938, plaintiff filed suit on a promissory note for $1,500, dated January 18, 1938, executed and delivered by defendant company to petitioner, and shortly thereafter instituted garnishment proceedings against a Detroit bank as garnishee of defendant, which bank subsequently filed disclosure admitting that it had in its hands a sum more than sufficient to pay plaintiff's claim.   Answer was filed by defendant admitting liability upon the note, denying that judgment should be entered thereon because of certain equitable counter-claims, and asking that the cause be transferred from the law side of the court to chancery for an adjudication of such claims.   The trial court entered an order transferring the cause to the chancery side of the court; and from such order plaintiff files appeal in the nature of mandamus.   Error is claimed on the ground that the affirmative defenses and counter-claim of defendant do not state grounds for equitable jurisdiction, and that the court erred in holding that defendant's remedies at law were not equal to or as adequate as its remedy in a court of chancery.

To determine the propriety of the court's order, transferring the cause to the chancery side of the court, a brief review of the relationship between the parties and a prior adjudication of certain questions herein involved is necessary.

In May 25, 1905, W. H. Grigg and Bert Hanna formed a partnership known as the Grigg-Hanna Company.   Thereafter, additional partnerships were formed between the same parties and others, and various real estate transactions were entered into between them.   In April, 1931, Grigg died, and some

time later Hanna also died. Subsequently, the administratrix of the Grigg estate sued the administratrix of the Hanna estate for fraud, and secured a decree from the circuit court by which the Hanna estate was held liable to the Grigg estate in the sum of $125,000. In the decree it was also adjudged that all of the stock in the above named defendant company be held in trust for the payment of the lien of the Grigg estate. The opinion of the circuit court was filed on April 13, 1936; its decree thereon was entered April 28, 1936, and was thereafter affirmed on appeal. *Grigg* v. *Hanna,* 283 Mich. 443.

Subsequent to the trial, in which the Hanna estate was adjudged liable to the Grigg estate, and after the opinion of the court was filed therein, on May 1, 1936, plaintiff increased his salary as well as the salaries of others in the company; and such salaries, totaling $13,500, continued for about 90 weeks, pending the appeal and decision of the case in this court. During this period and on January 18, 1938, plaintiff, who was president of defendant company, caused a note to be executed by the company, signed by himself as president and another as treasurer, to himself, in the amount of $1,500. It is this note upon which suit was brought against defendant company.

On March 19, 1938, following the decision of this court affirming the trial court, a decree was entered in conformity therewith, and a receiver of all of the stock of defendant corporation was appointed by the circuit court, who took complete control of the business of defendant corporation. On March 24, 1938, all of the officers of the company, including the plaintiff, resigned, and turned complete operating control of the business over to the receiver.

Plaintiff, in the instant case, is a brother of Anna Hanna, administratrix of the estate of Bert Hanna. It appears from the agreed statement of facts that

plaintiff had full and complete knowledge of the decree entered by the circuit court on April 28, 1936; that he had been made president of defendant company by Anna Hanna, his sister; that "knowing that the defendant was operating at a deficit nevertheless conspired * * * three days after the entry of the above referred to decree with Anna Hanna and others to feather their nests while an appeal was being taken to this court from the decree of Judge Guy Miller, and did participate in a salary grab in which he received without performing or rendering any additional work or services sums over and above his former salary in excess of the amount of the note sued upon."

Plaintiff contends that the circuit court erred in transferring the cause to chancery.

Defendant asserts that the intervention of a court of equity is necessary in order to pass upon defendant's claim that a fraudulent conspiracy had taken place; that it is necessary to have an accounting by plaintiff of funds fraudulently withdrawn; that Violet Grigg, administratrix, is entitled to an equitable lien on any sums thereby found on such accounting to be due plaintiff from defendant; that such equitable lien is superior to the plaintiff's claim; and that, if, upon such accounting, plaintiff is found to owe a debt to the company in excess of the amount due upon the note, that the note should be cancelled.

Although Violet Grigg, administratrix, is the party who would be prejudiced by the satisfaction of plaintiff's claim, she cannot defend the action at law. Her claim that plaintiff engaged in a fraudulent conspiracy, in which the company's assets were looted, cannot be adjudicated in plaintiff's suit on the promissory note executed by the company. The

note is regular on ᵢₜₛ face. But if the giving of the note were a fraud upon the administratrix, she has the right to come into equity for the protection of her interests.

In certain situations, even though plaintiff's right at law is fully recognized and a money judgment would afford adequate relief, the rules of procedure present obstacles to the attainment of such relief at law, and equity is invoked to remove such obstacles. *Detroit Trust Co.* v. *Struggles,* 283 Mich. 471. A resort to equity is necessary whenever complete and adequate relief requires an adjustment of diverse rights among the parties, as in adjusting liens, distributing funds and in matters of account. See *Olson* v. *Morrison,* 29 Mich. 395; also *Pedowski* v. *Southern Michigan Fruit Ass'n,* 261 Mich. 271. The impossibility of the same persons being both plaintiff and defendant in an action at law, often confers jurisdiction in equity to enforce a demand of such a nature that the same person would be required to be joined both as plaintiff and as defendant in an action at law. See *Detroit Trust Co.* v. *Struggles, supra;* also *Leonard* v. *Childers,* 67 Okla. 222 (170 Pac. 247).

Equity will always entertain jurisdiction to relieve from fraud, notwithstanding the law would afford relief, either by action or defense, where such remedy would be doubtful, incomplete or otherwise inadequate. *Lewis J. Selznick Enterprises* v. *Harry I. Garson Productions,* 202 Mich. 111. Equity has jurisdiction where complete protection and relief requires the cancellation of written instruments, the rescission of a transaction, or other specific relief of equitable character. See *Fred Macey Co.* v. *Macey,* 143 Mich. 138 (5 L. R. A. [N. S.] 1036).

In a very large class of cases there is no special obstacle to a judgment at law, but such judgment, if obtained, would not afford adequate protection to the right asserted. The jurisdiction of equity in such cases is based upon the superior adequacy of the remedy, whereby specific relief is granted, adapted to the nature of the right and of the wrong committed or threatened. *Powers* v. *Fisher,* 279 Mich. 442; 1 Pomeroy, Equity Jurisprudence (3d Ed.), § 280.

Violet Grigg, administratrix, is entitled to equitable relief on proof of her allegations that such fraud was committed upon the company against which an equitable lien had been decreed in her favor. She could not be a defendant in the law suit on the note, for it is an action against the corporation, and her claim could not be adjudicated in such suit even though she were permitted to intervene. Counsel for plaintiff refers to 3 Comp. Laws 1929, § 14008 (Stat. Ann. § 27.652), which provides:

"If at any time it appear that a suit commenced in equity should have been brought as an action on the law side of the court, or if it appear that an action commenced on the law side of the court should have been brought in equity, it shall be forthwith transferred to the proper side, and be there proceeded with, with only such alteration in the pleadings as shall be essential."

It is sought to imply that the transfer of a law suit to the equity side of the court depends upon whether it appears that the action should have been commenced in equity, and that only plaintiff may make such application. Transfer may be had on defendant's motion and is not limited to a case where plaintiff applies therefor. *Von Hoene* v. *Barber,* 215 Mich. 538.

It is asserted that defendant company has no right to have the case transferred to the equity side of the court, inasmuch as the party for whom equitable relief is sought is Violet Grigg, administratrix, who was not named as a party to this action. But by determination of the circuit court, the receiver holds the stock of defendant company in trust for the primary purpose of satisfying the lien of the Grigg estate. Although the company appears as defendant, Grigg's administratrix is the party principally interested in defending against plaintiff's claim. The company is being operated by a receiver appointed to hold the stock for the purpose of insuring payment of the lien of the administratrix. If there were a fraud, it was a fraud upon the administratrix. It was allegedly carried out by plaintiff's looting the company, and was accomplished because the fiction of the corporation obscured the actual conduct of plaintiff, and left the rights of the administratrix unprotected and assailable. If the technique of corporate procedure were prostituted by the plaintiff to remove funds of the company upon which, under the decree of the chancery court, the administratrix was rightfully entitled to a lien, she or her proper representative can recover such in equity.

With regard to the apparent confusion regarding the parties who should be properly before the court in such proceeding, we do not have the order of the circuit court appointing the receiver. It does not appear that such receiver is the usual operating receiver of a business, against whom suit cannot be brought without permission of the court. His duties are, apparently, to act for the protection of the lien of Violet Grigg, administratrix. The interests of the administratrix, of the receiver and of the

company are similar in this suit. Owing to the fact that the Grigg estate is directly interested in the determination of this cause, and to the fact that the receiver is holding the stock in defendant company for the satisfaction of the lien of Violet Grigg, administratrix, the administratrix should be joined, as well as the receiver, as a defendant in this action; and such joinder is so ordered in accordance with the provisions of 3 Comp. Laws 1929, § 14021 (Stat. Ann. § 27.665). See *Windoes* v. *Colwell*, 247 Mich. 372; *Gillen* v. *Wakefield State Bank*, 246 Mich. 158.

If it be deemed that others against whom frauds are alleged by defendant in this proceeding are necessary parties for a complete adjudication of the rights of all concerned, they may also be joined, on application to the circuit court, or on its order, *sua sponte;* and requisite amendments may be made to the pleadings to conform therewith.

The order of the circuit court, transferring the case to chancery, is affirmed, with costs to defendant.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred. BUTZEL, J., did not sit.