# OCTOBER TERM, 1954.*

SECOND MICHIGAN COOPERATIVE HOUSING ASSOCIATION
*v.* WABEEK STATE BANK OF DETROIT.

1. EQUITY—ADEQUACY OF REMEDY AT LAW.
   A resort to equity is necessary whenever complete and adequate relief requires an adjustment of diverse rights among the parties unobtainable at law.

2. TRIAL — TRANSFER OF CAUSES — ASSUMPSIT — ACCOUNTING — PARTIES.
   Transfer of assumpsit action by commercial depositor in bank for alleged negligence in honoring and cashing checks of unauthorized individuals against the account *held*, proper under showing made by defendant that in order to ascertain the true ownership of the funds involved there would have to be an accounting had and other parties joined so as to give complete relief (CL 1948, § 611.2).

Appeal from Oakland; Doty (Frank L.), J. Submitted October 5, 1954. (Calendar No. 45,894.) Decided November 29, 1954.

Assumpsit by Second Michigan Cooperative Housing Association, a Michigan nonprofit corporation, against Wabeek State Bank of Detroit, a Michigan banking corporation, for damages arising from honoring unauthorized checks. On defendant's motion, case transferred to equity side of court. Plaintiff appeals. Affirmed.

* Continued from Volume 340.

REFERENCES FOR POINTS IN HEADNOTES
[1] See, generally, 19 Am Jur, Equity §§ 29, 30, 100, 137.
[2] 53 Am Jur, Trial § 7.

*Frank M. Schap* and *Earl N. Nash,* for plaintiff.

*Wilcox, Lacy, Lawson, Kirby & Hunt* and *Glenn C. Gillespie,* for defendant.

KELLY, J.    Plaintiff, Second Michigan Cooperative Housing Association, was incorporated as a Michigan nonprofit corporation on February 23, 1951, and on the same day of incorporation opened a commercial account by depositing with defendant, Wabeek State Bank of Detroit, $13,597.99.

Plaintiff in assumpsit seeks $220,129.18 damages, alleging that the defendant was negligent in honoring and cashing checks of individuals not authorized to draw checks against said account.

Defendant petitioned the court under Court Rule No 40 (1945) for production of books and papers and an extension of time to file an answer, and this petition was granted.

Plaintiff filed an affidavit to nonpossession of documents setting forth the fact that same "are now in the possession and custody of Elmer A. Eberle, CPA, who claims a lien on all books, papers and documents in his possession, for unpaid fees for services rendered, and who refuses to surrender same to plaintiff."

Defendant then filed a motion to transfer the cause to the equity side of the court with a supporting affidavit by one of its attorneys and, over objections of plaintiff, this motion was granted. Plaintiff appeals, claiming that the suit involves only a money judgment and that any credits due the defendant, as claimed by it, can be produced and established at a jury trial by a *subpoena duces tecum.*

From the pleadings, documents and order, the following facts appear to be established:

(1) That Fred B. Collier, purporting to be the secretary of plaintiff corporation, filed a document

with defendant on February 23, 1951, entitled "Resolution of Board of Directors Authority to Open Account" which document authorized that funds of the association could be "withdrawn upon checks, drafts, notes, orders or other instruments for the payment of money when signed in the name of this corporation by   *   *   *   Fred B. Collier—Secretary (or) Samuel B. Collier—Asst. Secretary."

(2) That in the approximately 13 months elapsing between the opening of the account and notice by plaintiff to the bank of alleged fraud (February 23, 1951, to March 8, 1952), $224,379.18 was withdrawn from the bank by either Fred B. Collier or Samuel B. Collier, and during the same period $224,786.06 was deposited.

(3) That monthly statements of deposits and withdrawals were prepared and mailed by the bank, defendant alleging that no complaint of withdrawal was made during this period by plaintiff, and plaintiff claiming that said statements were mailed or delivered to either Fred B. Collier or Samuel B. Collier.

(4) That plaintiff alleges that not only was the above-mentioned resolution a fraudulent resolution, but that neither Fred B. Collier nor Samuel B. Collier was duly elected secretary or assistant secretary of plaintiff corporation.

(5) That on October 17, 1952, the plaintiff filed its petition for order to show cause in the district court of the United States for the eastern district of Michigan, southern division, in bankruptcy. In this petition it is alleged:

"Fred B. and Samuel B. Collier, began soliciting memberships for a cooperative housing association, which association was to be incorporated for the purpose of erecting homes for individual members, which homes were to be financed by mortgages insured by the Federal Housing Administration pur-

suant to section 213 of title 2 of the national housing act as amended. * * *

"That Fred B. and Samuel B. Collier served as trustees of your petitioner corporation prior to and since incorporation, with full powers to disburse the funds of your petitioner."

(6) That the First of Michigan Cooperative Housing Association was incorporated on July 18, 1950, 7 months prior to February 23, 1951, the date of plaintiff's incorporation. Defendant claims that plaintiff continued in part the operation of the First of Michigan Cooperative Housing Association.

After consideration of the pleadings and affidavits filed and the arguments of counsel, the court entered its order transferring the cause to the equity side of the court giving as reasons that it appeared:

"1. Plaintiff's operations were closely connected with the operation of another corporation previously organized by some of plaintiff's officers, and the funds of both corporations were commingled by plaintiff in its account in defendant bank. It will be necessary to have an accounting under the direction of this court to determine the true ownership of plaintiff's deposits for the recovery of which this suit is brought, in order to grant complete relief.

"2. Plaintiff, prior to the commencement of this suit, filed a petition in the Federal bankruptcy court at Detroit, Michigan, in which it alleged that 'Fred B. and Samuel B. Collier served as trustees of your petitioner corporation prior to and since its incorporation, with full powers to disburse the funds of your petitioner.' That said officers signed all of the checks drawn on plaintiff's account for the recovery of which this suit is brought. In said petition plaintiff alleged that said officers had paid more than $100,000 from its account in defendant bank upon the balance due on a land contract, for which it asks the court to give it credit, and to direct the conveyance of such property to it. In order to completely

dispose of the issues involved in this suit, it will be necessary to have a complete accounting between plaintiff and defendant to determine whether plaintiff's officers had authority to pay out the various sums which it seeks to recover from defendant, and, if so, to give defendant proper credit therefor.

"3. In order to grant complete relief, it will be necessary to bring before the court additional parties to which plaintiff paid money from its said bank account, and to have an accounting therefor, to determine whether or not such payments, for which it seeks to charge the defendant, were actually used for the operation of its business and in payment of its obligations.

"4. That plaintiff has affirmed the authority of its officers to sign checks by claiming credit therefor in the bankruptcy court for some of the payments from its bank account, which forms the basis of this suit, and the question of whether it is thereby estopped from maintaining this suit should properly be brought before the equity side of this court.

"5. The judgment which plaintiff seeks on the law side of this court involves a complete accounting between the parties hereto, and such additional parties as may be necessary to be added in order to afford complete relief, and such matters cannot be adequately disposed of in an action at law, and should properly be heard on the equity side of the court."

CL 1948, § 611.2 (Stat Ann § 27.652) provides:

"If at any time it appear that a suit commenced in equity should have been brought as an action on the law side of the court, or if it appear that an action commenced on the law side of the court should have been brought in equity, it shall be forthwith transferred to the proper side, and be there proceeded with, with only such alteration in the pleadings as shall be essential."

In Haylor v. Grigg-Hanna Lumber & Box Co., 287 Mich 127, this Court said (p 133):

"In certain situations, even though plaintiff's right at law is fully recognized and a money judgment would afford adequate relief, the rules of procedure present obstacles to the attainment of such relief at law, and equity is invoked to remove such obstacles. Detroit Trust Co. v. Struggles, 283 Mich 471. A resort to equity is necessary whenever complete and adequate relief requires an adjustment of diverse rights among the parties, as in adjusting liens, distributing funds and in matters of account. See Olson v. Morrison, 29 Mich 395; also, Pedowski v. Southern Michigan Fruit Ass'n, 261 Mich 271."

The trial court properly concluded that this case cannot be adequately disposed of in an action at law and should be heard on the equity side of the court. The order of the lower court transferring the cause to the equity side of the court for trial is affirmed. Costs to appellee.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.