WILD *v.* WILD.

1. EQUITY—JURISDICTION—ADEQUACY OF REMEDY AT LAW—BREACH
    OF CONTRACT FOR SUPPORT OF PARENT.

    The obligation of defendant son to adequately support his father,
    the plaintiff, and mother in consideration of their transfer to
    him of their home, continued until the death of both parents
    and suit based on defendant's alleged breach of such obliga-
    tion after complete performance on part of parents, gave
    court of equity jurisdiction as the remedy at law for damages
    would not be adequate, the amount required for "adequate
    support" being subject to variation from time to time involv-
    ing particularly the condition of the health of the parents
    and necessities as well as other factors.

2. APPEAL AND ERROR—TRANSFER OF CAUSES.

    The propriety of an order denying motion to transfer a suit
    in equity to the law side of the court is determined according
    to the circumstances of the parties as of the time of the
    motion and determination made pursuant thereto (CL 1948,
    § 27.652).

3. TRIAL—TRANSFER FROM EQUITY TO LAW SIDE—BREACH OF CON-
    TRACT TO SUPPORT PARENT—FUTURE DAMAGES—JOINT BANK AC-
    COUNT.

    Order denying defendant son's motion to transfer plaintiff fa-

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am Jur, Support of Persons § 27.
[2] 3 Am Jur, Appeal and Error § 1045.
[3] 50 Am Jur, Support of Persons § 27.
    3 Am Jur, Appeal and Error § 1045.
[4] 19 Am Jur, Equity §§ 111, 113.
[5] 19 Am Jur, Equity § 110.
[6] 19 Am Jur, Equity §§ 40, 41.
[7] 19 Am Jur, Equity §§ 325, 332.
[8] 2 Am Jur, Appeal and Error § 153.
[9] 3 Am Jur, Appeal and Error § 901.
[10] 3 Am Jur, Appeal and Error § 896.
[11] 39 Am Jur, Parties § 100.

ther's suit to compel performance of contract for adequate support to law side of court, made while father was still living and at a time when it was impossible to determine what the future damages for the alleged breach would be and amount of respective interests in joint bank account was unresolved, *held*, proper when made, notwithstanding death of father subsequent to the hearing at which he had testified.

**4.** EQUITY—JURISDICTION—ADEQUACY OF REMEDY AT LAW—REMOVAL OF OBSTACLES TO RELIEF.

The jurisdiction of a court of equity may properly be invoked to remove procedural obstacles present to the attainment of adequate relief at law even though it be fully recognized that plaintiff has a right of action at law and that a money judgment would afford adequate relief.

**5.** SAME—COMPLETENESS AND ADEQUACY OF REMEDY.

A resort to court of equity is necessary whenever complete and adequate relief requires an adjustment of diverse rights among the parties, as in adjusting liens, distributing funds, and in matters of account.

**6.** SAME—RELIEF FROM FRAUD.

Equity will always entertain jurisdiction to relieve from fraud, notwithstanding the law would afford relief, either by action or defense, where such remedy would be doubtful, incomplete, or otherwise inadequate.

**7.** PLEADING—CROSS BILL—VARYING TERMS OF WRITTEN CONTRACT—DELAY.

Denial of consideration by trial court of cross bill, proffered by substituted counsel for defendant son some 8 months after original answer had been filed and shortly before hearing in father's suit to compel rendition of "adequate support" as unconditionally agreed to by son in written agreement which had been fully performed by plaintiff and his late wife, and which cross bill would have permitted introduction of parol testimony varying the terms of the written agreement *held*, not an abuse of discretion, in view of the purpose of the cross bill and the delay in filing it.

**8.** APPEAL AND ERROR—QUESTIONS REVIEWABLE—INSURANCE.

Provision of decree awarding proceeds of a life insurance policy to defendant son, made pursuant to prayer of delayed cross bill and for which defendant had allegedly paid the premiums, does not require consideration on defendant's appeal, where no appeal was taken therefrom by plaintiff.

9. Banks and Banking—Ownership of Funds in Joint Account—Evidence—Finding of Trial Court.

   Trial court's award to plaintiff father of amount defendant son had withdrawn from joint bank account, supported by competent evidence, is not disturbed by Supreme Court, in the absence of a showing that a contrary result should have been reached, and the testimony on the matter was at variance.

10. Appeal and Error—Finding of Fact—Chancery Cases.

   The findings of fact of the trial court in a chancery case will be upheld by the Supreme Court in the absence of a definite showing that a contrary result should have been reached.

11. Judgment—Parties—Death—Modification of Decree—Substitution of Administrator.

   Decree providing that plaintiff father have execution for sums required to be paid by defendant son is ordered modified to contain a recitation as to father's death and to substitute the administrator of father's estate, where father had died subsequent to hearing in trial court (Court Rule No 49 [1945]).

Appeal from Bay; Louis (David R.) J. Submitted April 13, 1960. (Docket No. 20, Calendar No. 48,-056.) Decided June 7, 1960. Rehearing denied July 11, 1960.

Bill by Frederick L. Wild against William F. Wild to compel support in accordance with written contract and for restoration of sums obtained from joint bank account. Decree for plaintiff. Defendant appeals. Modified in respect to provisions made necessary by death of plaintiff, affirmed as modified, and remanded for entry of decree.

*Oscar W. Baker,* for plaintiff.

*Edward Sanders,* for defendant.

Carr, J. This case involves a dispute between father and son. In 1936 plaintiff's employment was terminated and he and his wife entered into the following agreement with defendant:

"This agreement, made this 21st day of February, A.D. 1936, by and between Frederick L. Wild and wife, Celia W. Wild, of Bay City, Michigan, parties of the first part, and William Frederick Wild, a single man, of Detroit, Michigan, party of the second part, witnesseth as follows:

"The parties of the first part have this day executed to the party of the second part a warranty deed of their homestead known as number 225 North Van Buren street, Bay City, Michigan, and described as:

"The south 2/3 of lot A block 122 addition of Lower Saginaw.

"As a part of the consideration of the execution of said deed by the parties of the first part to the party of the second part, the party of the second part hereby agrees that during the life of either of the parties of the first part, he will:

"1. Pay promptly any and all taxes assessed or to be assessed against the premises as hereinbefore described.

"2. Maintain adequate fire insurance to protect the interest of the parties hereto in and to the premises as hereinbefore described.

"3. Satisfactorily maintain said premises and keep said house and premises in good condition and repair.

"4. Adequately support first parties.

"This agreement to be binding on the parties hereto, their heirs, executors, administrators, or assigns."

It is conceded that Mr. and Mrs. Wild conveyed to defendant their home located in Bay City, that they, apparently by agreement between the parties, remained therein for a number of years, and that defendant furnished them adequate support in accordance with the written undertaking. Said agreement was acknowledged by the parties and was recorded in the office of the register of deeds of the county. Mrs. Wild died in 1949. It appears that plaintiff remained

in the home for several years thereafter, defendant contributing to his support.

On the hearing in circuit court it was the claim of the plaintiff that defendant insisted on selling the home in which plaintiff was living, and that his wishes were carried out. Plaintiff then lived in the home of defendant for a short time, and was adequately supported there. However, the arrangement became unsatisfactory from defendant's standpoint, and he caused plaintiff to be removed to a rest home in Bay City. In his bill of complaint plaintiff averred that defendant paid for 1 month's rent and board in said home, but failed and refused to make further payments or to comply with a request for more adequate accommodations than plaintiff was receiving. The agreement above set forth was made a part of plaintiff's pleading and specific performance thereof was asked.

On the trial plaintiff claimed that he and his wife, during the lifetime of the latter, had a joint account in a certain bank in Bay City, and that after Mrs. Wild's death said account was made joint with defendant merely for the sake of convenience, plaintiff retaining the bank book in his possession. The bill of complaint alleged that at some time during the year 1955, without the knowledge and consent of plaintiff, defendant, representing that the bank book was lost, withdrew the money remaining in the account and retained it. By his pleading plaintiff sought a decree for the restoration to him of all sums so withdrawn from the bank.

At the time of the hearing of the cause in circuit court, in the latter part of 1957, plaintiff was 89 years of age. He was a witness in his own behalf and testified, apparently without difficulty on his part, as to the matters in dispute. Defendant did not deny the making of the agreement entered into in 1936 but disputed plaintiff's claims as to the reasons

for the difficulties that had arisen between the parties. The trial judge, after listening to the proofs and the arguments of counsel, entered a decree fixing the amount that defendant should pay in accordance with the terms of the contract on which plaintiff relied, and also determining that the money drawn by defendant from the joint account of the parties in the sum of $2,466.90, with interest, should also be paid. It appears from the opinion of the court that plaintiff had died following the conclusion of the hearing. Defendant has appealed, contending that errors in the course of the proceeding require the reversal of the decree, and either a decree in his favor or the granting of a new trial.

Plaintiff's suit was instituted October 5, 1956. An answer to the bill of complaint was filed on behalf of defendant in March following. On November 1, 1957, defendant, by substituted counsel, moved to transfer the case to the law side of the court* on the theory that plaintiff's suit was in effect an action for damages for breach of contract, and that he had an adequate remedy at law. While said motion was pending, defendant also filed an amended answer and a cross bill of complaint. The trial judge denied the motion to transfer the cause, concluding that under the factual situation claimed by the plaintiff equity might properly take jurisdiction to determine the matters in dispute.

Appellant insists that the trial court was in error in refusing to make the requested transfer. However, the contract between the parties did not require that the defendant should render personal services to plaintiff. The obligation assumed was to adequately support the latter. The nature of the undertaking on which plaintiff's suit was in part based must be given consideration. The agreement was one that

---

* See CL 1948, § 611.2 (Stat Ann § 27.652).—Reporter.

by its terms continued until the time of plaintiff's death. The consideration therefor was basically the transfer of the property of plaintiff and his wife to the defendant. There was, in other words, complete performance on their part.

An action at law for damages would scarcely have afforded plaintiff an adequate remedy. The amount required for "adequate support" was obviously subject to variation from time to time, involving particularly plaintiff's condition of health and his necessities as well as other factors. An action at law could at most have resulted merely in a judgment for damages sustained prior thereto. A determination as to future damages that would result from defendant's refusal to comply with his undertaking would not have been possible. It must be borne in mind that at the time of the making of said motion for transfer, and the denial thereof, plaintiff was still living.

It is also significant that in the amended answer filed by defendant it was asserted that the money in the joint account involved in the litigation belonged to him rather than to the plaintiff. Under the pleadings it appeared that at the time of the denial of the motion there was an issue with reference to whether plaintiff owned all, or any part, of the moneys in the account. Such situation with respect to the pleadings involved an inquiry in the nature of an accounting. It may be noted further that if plaintiff's claim as to the conduct of the defendant, in withdrawing all funds in the account, was correct, an issue as to possible fraud was also present.

This Court has repeatedly recognized the jurisdiction of a court of equity if the facts involved in litigation are such that a claimed legal remedy, although available, will not afford adequate relief. In *Haylor* v. *Grigg-Hanna Lumber & Box Co.*, 287 Mich 127, 133, it was said:

"In certain situations, even though plaintiff's right at law is fully recognized and a money judgment would afford adequate relief, the rules of procedure present obstacles to the attainment of such relief at law, and equity is invoked to remove such obstacles. *Detroit Trust Co.* v. *Struggles,* 283 Mich 471. A resort to equity is necessary whenever complete and adequate relief requires an adjustment of diverse rights among the parties, as in adjusting liens, distributing funds and in matters of account. See *Olson* v. *Morrison,* 29 Mich 395; also *Pedowski* v. *Southern Michigan Fruit Ass'n,* 261 Mich 271. * * *

"Equity will always entertain jurisdiction to relieve from fraud, notwithstanding the law would afford relief, either by action or defense, where such remedy would be doubtful, incomplete or otherwise inadequate. *Lewis J. Selznick Enterprises* v. *Harry I. Garson Productions,* 202 Mich 111."

The principle recognized and applied in the above cited case has been followed in other decisions, among which are: *Steggles* v. *National Discount Corporation,* 326 Mich 44 (15 ALR2d 208); *Walker* v. *Walker,* 330 Mich 332 (31 ALR2d 1250); *Second Michigan Cooperative Housing Association* v. *Wabeek State Bank of Detroit,* 341 Mich 1. The trial judge was not in error in refusing to transfer the instant controversy to the law side of the court.

As above noted, defendant on November 13, 1957, filed an amended answer and a cross bill of complaint. Counsel for plaintiff did not object to the amended answer but opposed the right of defendant to raise the matters set forth in the cross bill of complaint on the ground that the proffered pleading presented issues not suggested by prior pleadings and was, in fact, an attempt to change the main issues involved in the case. The trial court concluded that the cross bill was not properly filed and indicated his refusal to consider it. Apparently, however, some proofs were offered and received for the pur-

pose of supporting defendant's claims as set forth. It is alleged that the stated refusal of the trial judge to consider the matters so raised constituted error prejudicial to defendant.

In substance the cross bill attached to defendant's amended answer sought to controvert the claim that the written agreement entered into in 1936 constituted the complete contract between the parties. Said agreement specifically set forth the duty of the defendant to "adequately support first parties." Such undertaking was not made conditional in any way. It was absolute in form and based on a consideration that defendant had received. The introduction of proofs tending to show that the agreement was in fact that defendant was not required to render the specified support if the designated recipients were able to support themselves, by the use of any money or assets in their possession, would obviously have involved an attempt to alter by parol a written contract that in terms expressed clearly the undertaking of the parties. Such testimony would have been subject to objection. Defendant was not relieved of the obligation that he expressly assumed for the reason, if such was the fact, that plaintiff had some money or property in his possession.

The proffered cross bill made further reference to an insurance policy on the life of the plaintiff under which defendant was the beneficiary, alleging that the latter had paid the premiums. The decree of the trial court awarded the proceeds of such policy to defendant, and no appeal has been taken therefrom on behalf of plaintiff. In consequence such matter does not require consideration here. In view of the matters sought to be raised by the cross bill and the delay in filing it, we think there was no abuse of discretion on the part of the trial judge in ruling that it was not entitled to consideration.

It is further argued on behalf of defendant that the holding of the trial judge with reference to the funds in the joint account is not supported by the proofs. It was defendant's claim on the hearing that the moneys that went into the account belonged to him, that for reasons not material here he had turned over to plaintiff certain sums which inferentially may have gone into the account, and that plaintiff had made certain collections for defendant that likewise may have been included therein. In effect, the theory was advanced on behalf of defendant that a trust relationship was created. However, the record before us indicates that there was another joint account not involved in this controversy and it does not appear from defendant's testimony, or from other proofs offered by him, what specific items made up either deposit.

It is undisputed that at the time the plaintiff made the account joint with defendant it amounted to approximately $3,000. Defendant gave as his reason for withdrawing the full amount remaining that he feared plaintiff might give it to another. The testimony of plaintiff was at variance with that of defendant. The case was submitted on sharply conflicting claims. The trial judge determined the issue in favor of the plaintiff, and on this record it may not be said that competent proofs to support such action were lacking or that the challenged provision of the decree was contrary to the weight of the evidence. We are not prepared to say that we would have reached a different conclusion had the determination of the question in the first instance rested with us.

In *Gindorff* v. *Gindorff*, 295 Mich 469, 471, it was said:

"When the testimony is conflicting, the findings of the trial court will be upheld in the absence of a definite showing that a contrary result should have

been reached. *Donaldson* v. *Donaldson,* 134 Mich 289."

Among other cases of like import are: *Lau* v. *Lau,* 304 Mich 218; *Steketee* v. *Steketee,* 317 Mich 100; *Vanden Bogert* v. *May,* 334 Mich 606. Our consideration of the proofs in the instant case lead to the conclusion that the holding of the trial court with reference to the moneys in the joint account is not inconsistent with the weight of the evidence and that, in consequence, appellant's claim of error in such respect is not well founded.

As before noted, the opinion of the trial judge discloses that Frederick L. Wild died prior to the entering of the decree. On the oral argument in this Court counsel stated, in substance, that probate proceedings had been instituted and an administrator appointed. Quite possibly an order of substitution was entered although the record before us fails to show it. The decree was entitled in accordance with the pleadings, designating Frederick L. Wild as the plaintiff. Said decree provided that plaintiff might have execution for the collection of the sums required to be paid by defendant, and it is possible that recourse to such method of enforcement may be deemed necessary. In view of the situation presented we think the decree should be modified by incorporating therein a recitation as to the death of Frederick L. Wild and the substitution of the administrator of his estate, in accordance with the rule pertaining thereto,[*] with formal provisions consistent therewith. As so modified the decree is affirmed, and the cause is remanded for entry of decree containing the indicated changes, and for enforcement thereof. The estate may have costs of this appeal.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

---

[*] See Court Rule No 49 (1945).—REPORTER.