SECOND MICHIGAN COOPERATIVE HOUSING ASSOCIATION v. FIRST MICHIGAN COOPERATIVE HOUSING ASSOCIATION.

1. ACCOUNTING—EVIDENCE.
   Determinations made by trial court in suit for accounting between 2 nonprofit corporations on remand *held*, not erroneous.

2. EVIDENCE—NEWLY-DISCOVERED EVIDENCE.
   Discovery of existence of evidence by substituted counsel after entry of decree does not render evidence newly discovered in the legal sense of the term, where it had been in the possession of, or available to, officers of the appellant and former counsel for it.

3. NEW TRIAL—TEST OF NEWLY-DISCOVERED EVIDENCE.
   The test of whether evidence may be considered as newly discovered so as to justify a rehearing or new trial, is whether it could have been discovered and produced at the trial by the use of reasonable diligence by counsel or litigants then engaged in the trial.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur, Accounts and Accounting § 14.
[2] 39 Am Jur, New Trial § 159.
[3] 39 Am Jur, New Trial § 160.

Appeal from Oakland; Doty (Frank L.) and Dondero (Stanton G.), JJ. Submitted January 12, 1961. (Docket No. 74, Calendar No. 48,705.) Decided February 28, 1961.

Bill by Second Michigan Cooperative Housing Association against First Michigan Cooperative Housing Association, both Michigan nonprofit corporations, for accounting and other relief because of commingling of funds. Cross bill praying for money judgment. Cause appealed and remanded at 358 Mich 252 for entry of decree.

Supplemental decree entered settling accounts and awarding money decree for balance to defendant and cross plaintiff. From denial, by a successor judge, of a motion to vacate decree and grant a rehearing, plaintiff and cross defendant appeals. Affirmed.

*Donald P. Schuur* and *Patrick J. Keating,* for plaintiff.

*Maurice A. Merritt,* for defendant.

Smith, J. The appeal before us relates to an accounting between First and Second Michigan Cooperative Housing Associations, 2 nonprofit corporations formed to obtain financial assistance under the national housing act, 12 USCA, § 1701 *et seq.* Supplemental decree was rendered in favor of First Michigan in the amount of approximately $30,000, following which substituted counsel moved to vacate the decree, and for a rehearing, upon 2 grounds: Error in the disposition of a certain check in the amount of $58,000, and newly-discovered evidence. This appeal is from the supplemental decree entered and the order denying the said motion.

An understanding of the relationship between the 2 corporations may be gained from Mr. Justice Edwards' opinion in an earlier appeal in this case.[1] For the purposes of the appeal before us it is sufficient to note that Fred B. Collier, who was active in the affairs of both corporations, commingled their funds and failed to keep adequate books of record.[2] Funds held in trust for members of Second Michigan were deposited to the credit of the First Michigan. Checks were drawn without noting which corporation benefited. The books were "in a chaotic condition" according to an auditor, and our perusal of the record before us inclines us to share his opinion.

After consideration of the testimony taken upon the hearing, the court below entered a supplemental decree providing that Second Michigan should receive a credit of $101,592 for the deposit of the funds held in trust, and that First Michigan should be credited with various checks in the amount of $131,597.99. The court relied largely upon the testimony of Elmer Eberle, the independent auditor retained in turn by each corporation to bring order to its books. Second Michigan, in its motion for a rehearing, as hereinabove noted, limited its attack to the treatment of 1 check, a transfer of $58,000 to S. F. Brothers Company, a firm in which Fred B. Collier and Samuel B. Collier, his brother, were active. It asserted in substance that 2 witnesses called by First Michigan, Eberle, the auditor, and Holliday, the comptroller of First Michigan, had taken contradictory positions regarding this check, that Second Michigan had not

---

[1] *Second Michigan Cooperative Housing Association* v. *First Michigan Cooperative Housing Association*, 358 Mich 252.

[2] "The entire scheme was apparently the brainchild of one Fred B. Collier who acted as organizer of both corporations and subsequently as comptroller and co-ordinator of First Michigan and trustee for the 139 members who incorporated Second Michigan. This record shows that Collier acted for both associations in the arrangement of loans, purchase of land and letting of construction contracts." *Id.*, p 254.

established "its right to the $58,000 item," and sought in support thereof to introduce statements made by them prior to trial as "newly-discovered" evidence.

While the $58,000 check itself did not indicate the account to be charged, its stub bore the notation: "Pay to S. F. Brothers Escrow Deposit at Chase National Bank for organization expense and purchase of land—Second Michigan." In addition, it was the testimony of Mr. Eberle, the auditor, that the books of S. F. Brothers specifically credited Second Michigan with the amount of $58,000. On the other hand, it is asserted that $50,000 of the proceeds "flowed to the benefit of First Michigan." It was testified that when the money was transferred, S. F. Brothers immediately issued a check for $50,000 payable to Fred B. Collier or Chase National Bank, which was used in the payment of indebtedness of First Michigan, and that the transferred funds were utilized in making this check good. In short, Second Michigan asserts that the money was paid out to the benefit of First Michigan, while the latter asserts that the transfer was in recognition of a benefit to Second Michigan. The documentary evidence, however, is not conclusive, nor are the inferences to be drawn therefrom. The court reached its determinations after receiving comprehensive evidence as to the controverted sums and nothing submitted to us in this record, or in the briefs of the parties, convinces us that his conclusions with respect thereto were in error.

The difficulty with appellant's argument respecting newly-discovered evidence is that counsel for Second Michigan at the trial had reason to know of it, having formerly been in court to pursue claims of Second Michigan against Collier and S. F. Brothers, and the significant evidence now sought to be intro-

duced was available at that time.[3]  First Michigan shows also that Frank Schap, then counsel for Second Michigan, himself a litigant in a suit instituted by First Michigan, had received a copy of 1 statement now relied upon as newly-discovered. Other statements had been in the possession of officers of Second Michigan 6 years before the entry of the decree.  Substituted counsel may have learned of the existence of such evidence only after entry of the decree, but that does not render the evidence newly discovered in the legal sense of the term. The successor chancellor well summarized this phase of the case and the law with respect thereto in the following terms:

"Under all of the circumstances mentioned herein, and, as set forth in the joint appendix on which the appeal was based, and in the various affidavits attached to the pleadings involving the point, this court is of the opinion that the evidence relied upon by the petitioning corporation is not newly discovered, and could have been discovered and produced at the trial of this cause through the use of reasonable diligence.  The test is not whether present counsel has discovered the evidence, or would have used it to better advantage, but whether it could have been discovered and produced at the trial by the use of reasonable diligence by counsel or litigants then engaged in the trial."

We find no error.  Affirmed.  Costs to appellee.

Dethmers, C. J., and Carr, Kelly, Black, Edwards, and Kavanagh, JJ., concurred.

Souris, J., did not sit.

[3] See *Second Michigan Cooperative Housing Association* v. *Wabeek State Bank of Detroit*, 341 Mich 1.